RUSSEL, Respondent, *v.* AMADOR, Appellant.

On a bill for specific performance defendant alleged fraud in the contract sued upon, but admitted payment of the consideration-money under protest affirming the fraud. Held, that the receipt of payment was no waiver of the defence and that defendant was not estopped from showing the fraud, and that it was error in the court not so to instruct the jury when requested.

The court must give or refuse the instructions asked for, and no modification which alters the meaning or might mislead the jury can be substituted.

APPEAL from the Third Judicial District.

The petition of the plaintiff set forth, that the defendant entered into his obligation, in writing, on the 25th day of October, 1850, to convey to plaintiff two thousand varas square, of land (describing it), on the ranch of said defendant, and to run parallel with a hill, &c., embracing a new corral, &c., the said plaintiff to pay the said defendant $2000 as set forth; and in case plaintiff paid the above sum, defendant was to call a surveyor and run the lines, and make and deliver to plaintiff a good and sufficient warrantee deed; and plaintiff avers performance on his part, and payment of the $2000, which was received and accepted by defendant as full payment for said land as specified in said obligation; that afterwards defendant refused to cause said tract of land to be surveyed, or to make and execute a good deed for the same; and prays the court to decree the said land to be surveyed by defendant, according to said obligation, and that he make and deliver to the plaintiff a good and sufficient deed for the same.

The defendant answered and admitted that he made an agreement with the plaintiff to sell a tract of land, part of the ranch, &c., 2000 varas long, and 1000 varas wide, but that it was not true that he agreed to sell to plaintiff a tract of land 2000 varas long by 2000 varas wide, as in plaintiff's complaint mentioned. And defendant avers that he cannot write, or read, or speak English, and that said agreement was obtained by fraud, &c., and by a misrepresentation of the true agreement between them; that it is true he executed an agreement which he could

not read and did not understand, and that plaintiff represented at the time, that it was for 2000 varas long, and 1000 varas wide, and under that representation he signed it, and did not understand the fraud practised upon him for a long time after its execution; that it is true plaintiff has paid him for the said land according to his said agreement, and that defendant has always been ready, &c., and is now ready to make a full and sufficient warranty deed, and had professed to do so, to the said plaintiff, to the tract 2000 varas long, and 1000 varas wide, according to said agreement.

In the course of the trial, the court was asked by the counsel of the respective parties to instruct the jury on several points made in the case.  The cause in this court turned upon one of the instructions asked for by defendant's counsel, which the court refused to give, and on the charge of the court upon the same point, to both of which, exceptions were taken.  The opinion of the court sets forth the instruction refused, and the charge of the court in the words of the record.

The jury found that the execution of the agreement was not obtained by fraud, and found for the plaintiff, and the court decreed that the defendant execute a warranty deed for the 2000 varas square to plaintiff.  Defendant appealed.

Amador received the payments by the plaintiff under protest, that the contract did not describe the land according to the agreement of sale.

*Brown, Pratt,* and *Tracy,* for appellant.

In regard to the point, "that the acceptance of payment by Amador estops him from setting up fraud," we reply, that when Amador protested at the time of payment, that he received the payment upon the contract as he understood it, and then explained it, and not as Russel claimed it to be, and Russel paid him under the protest, that the receipt of the payment does not estop Amador from reducing the written contract to the terms of the verbal agreement upon which it was founded, and is at the same time a confession on the part of Russel, that Amador's interpretation of the contract was correct, and shows a parol agreement varying the terms of the written contract, so as to conform it to Amador's undertaking of it.

26

An instruction must be given or refused as asked, and cannot be modified.

*Hastings*, for respondent.

The instruction was not modified, but refused, and another instruction given in better language, and as favorable to defendant as the law would warrant. The contract must be enforced as written, or it must be cancelled. A court of equity will never set up and make a new contract; and Amador having accepted payment on the written contract, could not cancel it, or set up a verbal one, because the parties could not be restored to their original rights. The answer sets up fraud, not mistake, and the issue to the jury was fraud; what was said about mistake need not be considered.

The record shows a waiver of the fraud, if there was any, by acceptance of payment, and if the instruction was erroneous, it was harmless.

Variance from the verbal contract does not imply fraud. "It may now be regarded as settled, that a misrepresentation as to a fact, the truth of which, a party or his agent has an opportunity of ascertaining, cannot in law constitute a fraud." Chit. on Cont. 589.

MURRAY, Chief Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

Upon the trial of this cause, which was a bill in chancery for specific performance, the defendant's counsel asked the court to instruct the jury that " The acceptance of payment by Amador, the defendant, from Russel, the plaintiff, under a protest that the contract incorrectly described the land intended to be conveyed, cannot be construed into a waiver of any rights which Amador claimed to have, to defend against Russel's claim for a larger amount of land than that which Amador claimed to have conveyed," which instruction was refused and the court charged the jury, "that the acceptance of payment by Amador, under a protest that the contract incorrectly described the land intended to be conveyed, was a circumstance from which the jury had a right to consider, whether the fraud, if any, in obtaining the execution of the contract, was waived by Amador or not."

The instruction asked, was correct and pertinent to the issue. The question whether Amador was estopped from setting up fraud was before the jury, and the court should have instructed them, that the receipt of payment under protest did not amount to an estoppel or waiver; while the instruction of the court might very well have been given as explanatory of the instruction asked for, or for the purpose of directing the mind of the jury to the question of fraud, the waiver of which the plaintiff attempted to establish by such acceptance of payment. We have before held that the court must give or refuse the instructions asked for, and that no modification of the court which alters the meaning, or might mislead the jury, can be substituted.

Judgment reversed, and cause remanded.