## COGHLIN v. MAY.

WHERE defendant made and delivered to K. & Co. her note, to be used by them only as collateral security to raise money or get credit, and they so used it, and afterwards took it up from the pledgees : *Held,* that K. & Co. could not then sue on the note, as it had answered its purpose ; and that plaintiff having taken the note after maturity, and upon no new consideration, took it subject to the same defense.

APPEAL from the Twelfth District.

Suit against defendant as sole trader upon two notes in usual form, executed by her to the order of Kendrick & Smith, the one for four hundred dollars, with two and one-half per cent. interest, dated June 2d, and the other for one hundred and fifty dollars, and like interest, dated June 26th, 1858, and payable on demand. The complaint contained the ordinary averments in suit by a holder upon a note indorsed and delivered by the payor to plaintiff. The answer first denies generally the allegations of the complaint ; and second, avers that plaintiff is not the real owner of the notes, but that Kendrick & Smith long after their maturity indorsed and delivered them to one Birdsall, who is, as against plaintiff, entitled to them, though in fact the mere agent of Kendrick & Smith. The answer then set up an offset and counter claim, in the shape of money due defendant from Kendrick & Smith for grain sold on commission.

The case was sent to a referee to try the issues and report a judgment. He found that the notes were executed by defendant, as alleged in the complaint, and delivered to Kendrick & Smith, who afterwards, for value, indorsed and delivered them to Birdsall, and that he still later delivered them to plaintiff, with the understanding that he would pay no specific sum for them, but would collect them, deduct expenses and compensation for his trouble, and give the balance to Birdsall ; and that plaintiff accordingly brought this suit ; that when Kendrick & Smith sold the notes to Birdsall they were due and unpaid, except that before this transfer Kendrick & Smith had received from defendant a lot of barley for sale, and that after applying the proceeds of the sale to other indebted-

ness due K. & S. from defendant, there remained in their hands applicable to the notes four hundred and twenty-eight dollars and six cents. Upon which facts the referee concluded plaintiff was the legal holder of the note, and could sue, and that defendant was indebted over and above offsets four hundred and eight dollars and nineteeen cents; for which sum judgment was duly entered by the Court.

Further facts are stated in the opinion of the Court. Defendant appeals.

*Parker & Waterman,* for Appellant.

*C. Burbank,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We understand from the evidence of the witness Kendrick—which proof seems to be uncontradicted—that the note was not given by Mrs. May as evidence of indebtedness by her, or with the understanding that it was to be held or enforced against her; but that it was given only to be used as collateral security by Kendrick & Co., for the purpose of their raising money or getting credit on it. It seems they did use it for this purpose, and afterwards took it up from the pledgees. This being so, it had answered its purpose, and Kendrick & Co. having only got it to use in this way, could not sue on it; for it was not, for any such purpose, the property of these payees, or the liability of the payor. It was a mere accommodation paper, which the nominal payees could not use against the person lending her signature for their benefit. This was a good defense to the note in the hands of Kendrick & Co., and the note having been transferred after maturity, and upon no new consideration, the assignee took it subject to the same defenses.

Judgment reversed, and the cause remanded.