[No. 12057.   Department Two. — July 30, 1890.]

WILLIAM McPHERSON, Respondent, v. E. J. WES-
TON et al., Defendants, and L. L. ROBINSON,
Appellant.

Amendment of Answer — Retrial of Foreclosure Suit — Mortgage
Note — Liability of Payee as Indorser — Agreement between
Joint Payees. — After trial of a foreclosure suit, in which one of two
joint payees of the mortgage note was charged as an indorser, and had
filed an answer admitting the indorsement and waiver of demand, notice,
and protest, and pleading that his co-payee was the real party in interest,
and that the action was barred by limitation, and after reversal of a judg-
ment in favor of the indorser, it is not error for the court before retrial
to permit the indorser to amend his answer by averring that at the time
of the indorsement and waiver it was agreed between himself and his
co-payee, who joined in the indorsement of the note to a firm of which
the co-payee was a member, that such co-payee would advance the whole
consideration of the note to the mortgagors, and that he would repay
him one half thereof on demand, and that he should be held harmless of
his indorsement, and in no event be required to pay the note.

Id. — Change of Issues — Showing of Diligence. — Such amendment is
not inconsistent with the admission of indorsement and waiver, but ex-
plains how they were made and what effect they were to have, and does
not fall within the rule that an admission cannot be changed into a de-
nial upon a second trial; and as the amendment would aid the court in
doing complete justice between the parties, no showing of diligence was
required, and it is immaterial that defendant had knowledge of the new
matter pleaded when he filed his original answer.

Id. — Amendment during Trial — Discretion. — It is in the discretion of
the court to allow a further amendment of such answer during the second
trial, to show more fully the circumstances under which the note and
mortgage were obtained, and the indorsement and waiver made upon the
note, there being no claim that the new matter operated as a surprise
upon the plaintiff, whereby he was prevented from fully controverting it
upon the trial.

Negotiable Paper — Disputing Liability of Indorser — Parol Evi-
dence. — Though it is a general rule that between an indorser and a bona
fide holder of negotiable paper, the liability established by the indorse-
ment cannot be disputed, yet it may be shown by parol evidence that
from the way in which his indorsement was procured it would be a fraud
upon him to permit its enforcement; and when the facts show that its
enforcement against the indorser would be inequitable, the case comes
within the exception to the rule.

Id. — Indorsement to Partnership — Consent to Agreement between
Joint Indorsers. — The fact that the note was indorsed to a partner-
ship of which one of the co-payees was a member can make no difference

as to equities arising out of an agreement between the joint payees who indorsed the note, if the firm had knowledge of and assented to the agreement between the indorsers.

ID. — INDORSEMENT AFTER MATURITY SUBJECT TO EQUITIES. — One who takes a note after maturity takes it subject to any defense which could have been interposed against a prior indorsee.

ID. — EVIDENCE — COMPETENCY OF WITNESS — TESTIMONY OF INDORSER AGAINST INDORSEE OF DECEDENT. — An action by an indorsee of a firm, one of the members of which is deceased, and who was also a payee and indorser of the note, against a co-payee and co-indorser of the note, upon his liability as indorser, is not an action against the legal representative of the deceased upon a claim against the estate of the decedent, and the defendant is a competent witness to testify to facts occurring before the death of the decedent.

APPEAL from an order of the Superior Court of Santa Clara County granting a new trial.

The facts are stated in the opinion.

*William M. Stewart, C. W. Cross, H. L. Gear,* and *Cross & Denson,* for Appellant.

*Henry E. Highton,* for Respondent.

GIBSON, C. — This action was brought in the superior court of Kern County, to foreclose a mortgage. The cause was tried by the court without a jury, upon the issues tendered by the second amended answer of defendant Robinson, all the other defendants having defaulted, and resulted in a judgment of dismissal of the action in favor of Robinson. After a motion for a new trial was made and the statement therefor settled and filed, the cause was by stipulation of counsel transferred to the superior court of Santa Clara County, which court by its order granted the motion for a new trial. From that order defendant Robinson appeals.

The first trial of this case, which resulted in a judgment in favor of defendant Robinson, was had upon his original answer to the complaint, in which he admitted the making of the promissory note and the execution of the mortgage, and that he and his co-defendant, Alexan-

der Forbes, who was the joint payee with himself in the note, indorsed, transferred, and delivered the note and mortgage to Forbes Brothers, and at the same time waived demand, protest, and notice of the same, but denied that the plaintiff received the note or mortgage from Forbes Brothers, by indorsement for value, or otherwise, or that he was the real party in interest, and averred that Alexander Forbes was the real party in interest, and that the action was being prosecuted in the name of the plaintiff solely for the benefit and convenience of said Forbes, and further averred that plaintiff's cause of action was barred by the statute of limitations. This last defense prevailed in the trial court, but upon appeal it was held that the action was not barred, and that the plaintiff was entitled to maintain the action, and the case was reversed, and remanded for a new trial. (64 Cal. 275.)

Before the retrial, the court below permitted the defendant Robinson to file an amended answer, in which, among other defenses, he changed the effect of the unqualified admission in his original answer respecting the indorsement of the note and waiver of demand, protest, and notice of demand made by himself and Alexander Forbes, by averring that, at the time the indorsement and waiver were made, said Forbes, his joint indorser, agreed with him that he, Forbes, would advance the five thousand dollars with the agreement on the part of defendant that he, defendant, would pay Forbes, on demand, one half of the sum so advanced, and that, in consideration of this promise on his part, Forbes agreed to hold defendant harmless on the indorsement, and that defendant should not in any event be required to pay the note, or any part of it.

The allowance of this amended answer respondent urges was erroneous, because it permitted the defendant to change his admission in his original answer into a denial, contrary to the rule in *Spanagel* v. *Reay,* 47 Cal.

608. In that case it was held that an admission in an answer could not, for the purpose of a second trial, be amended by the averment of facts that were inconsistent with and would completely negative it. But here the amendment complained of is not inconsistent with the admission, but in harmony with it, and does not negative the admission of indorsement and waiver, but explains how they were made and what effect they were to have, and therefore does not fall within the rule of that case.

It is true that, upon the application to amend the answer, it was not shown why the matter embodied in the amendment, which we must presume the defendant had knowledge of when he filed his original answer, was not included in the latter. Still, as such new matter tended to show under what circumstances the indorsement and waiver were made, without contradicting the admission, and would thereby aid the court in doing complete justice between the parties, we do not think there was any necessity for a showing as to diligence. (*Pierson* v. *McCahill*, 22 Cal. 128.) The permission to amend was therefore proper.

During the last trial, and after the plaintiff had rested his case, and the defendant Robinson had introduced some evidence, he was permitted to file a second amended answer. This is urged as error, mainly upon the same ground as that against the filing of the first amended answer, which has been disposed of, and that it was too late to grant leave to amend during the trial, and after the plaintiff had rested. The second amended answer did not deny any of the admissions made in the previous answers, but averred certain facts in addition to those in the first amended answer, showing more fully the circumstances under which the note and mortgage were obtained, and the indorsement and waiver made upon the note.

The granting of an amendment to a pleading during

the progress of a trial, in order that a case may be fully and justly determined, rests within the discretion of the trial court. (Code Civ. Proc., sec. 473.) There is no claim made, neither does it appear, that the new matter operated as a surprise to the plaintiff, whereby he was prevented from fully controverting it upon the trial; hence there was no abuse of discretion in granting leave to file the second amended answer.

The respondent contends that in admitting parol evidence in support of the issue tendered by the second amended answer as to the agreement between the defendant Robinson and his co-indorser, under which the indorsement and waiver were made, the court fell into error, because such evidence varied the liability that arose from the indorsement.

It is a general rule that, between an indorser and a *bona fide* holder of paper regularly negotiated, the liability established by the indorsement cannot be disputed. (2 Wharton on Evidence, sec. 1059; 1 Daniel on Negotiable Instruments, secs. 717, 718; *Martin* v. *Cole*, 104 U. S. 37.)

But it may be shown by the indorser that from the way in which his indorsement was procured it would be a fraud upon him to permit its enforcement. (2 Wharton on Evidence, sec. 1059, note 2; citing *Dale* v. *Gear*, 38 Conn. 15; *Benton* v. *Martin*, 52 N. Y. 570; and *Hill* v. *Ely*, 5 Serg. & R. 363. See also 1 Daniel on Negotiable Instruments, sec. 722.)

From the findings, it appears that on March 23, 1876, E. J. Weston and S. Boushey were the owners of a certain mine, which Alexander Forbes and L. L. Robinson desired to purchase on speculation. Between the two latter it was agreed to loan to the two former the sum of five thousand dollars, to be used in the development of the mine. Forbes agreed to advance the amount of the loan, and to see that the same was expended on the mine, and that it should be either repaid or title to the mine

acquired, as developments might render most desirable.
Robinson agreed to pay Forbes, on demand, one half of
the five thousand dollars, and to aid in disposing of the
mine in case title thereto should be acquired, Forbes to
have the benefit of all the interest until such time as
Robinson should pay the two thousand five hundred
dollars.   On the date above mentioned the owners of the
mine made and delivered to Forbes and Robinson their
promissory note for five thousand dollars, payable one
year after date, with interest at two per cent per month,
compounded quarterly if not paid.   At the same time,
and to secure the payment of this note, the makers of it
executed to the payees the mortgage in suit.

After the receipt of the note by defendant and Alex-
ander Forbes, it was indorsed by them, subject to the
agreement above stated, and for the purpose of placing
said Forbes in a position to perform his part of the con-
tract by placing the legal title to the note in him, so he
could attend to the business in his own name, and en-
force the payment of the note; and when the note
matured the defendant waived protest thereof for the
same purpose, and under the same, and the further agree-
ment that said Forbes should not transfer the note to a
third party.   Said Forbes, at the times when the note was
indorsed and the waiver made, informed the defendant
that he, Alexander Forbes, constituted the firm of Forbes
Brothers, during all of which times the defendant sup-
posed he was dealing with Alexander Forbes individually,
under the firm name of Forbes Brothers; but at the
time of the indorsement the firm in fact consisted of
Charles Forbes and Alexander Forbes.   The latter at
that time was managing partner, and the former knew of
and assented to all the transactions between his partner
and the defendant Robinson.

These facts show that it would be inequitable to permit
the note to be enforced against defendant Robinson, and
the evidence received in support of them we think

clearly within the exception to the general rule above stated.

The fact that the note was indorsed to Forbes Brothers can make no difference, as the firm consisted of the co-indorser of defendant and another who had knowledge of and assented to the agreement between the indorsers.

The court further found that Alexander Forbes indorsed the note to plaintiff in the name of Forbes Brothers, but not until long after its maturity; and that, although indorsed in favor of plaintiff, the note was not delivered to him, but placed in escrow with the Bank of California, together with a promissory note plaintiff made in favor of said Forbes Brothers, covering the amount of the principal and interest due to a certain time upon the note in suit, subject to the condition that the notes were only to be withdrawn on the joint order of said Forbes and the plaintiff; and that no such order was made. And it was further found that the note so made and placed in escrow by plaintiff was the only consideration he paid for the note sued upon.

Now, assuming that the plaintiff acquired title to the note for value by this transaction, which is contrary to the conclusion reached by the learned judge who tried the case, still he took it long after it matured, and therefore subject to any defense which the defendant could have interposed against the firm of Forbes Brothers. (*Wood* v. *Brush*, 72 Cal. 224; *Coghlin* v. *May*, 17 Cal. 515; *Coye* v. *Palmer*, 16 Cal. 159; *Folsom* v. *Bartlett*, 2 Cal. 163.)

One of the conclusions of law drawn from the facts showing how the note was indorsed in favor of plaintiff and placed in escrow with plaintiff's note to the firm of Forbes Brothers was to the effect that, as plaintiff never acquired any equitable title to the note by the payment of a valuable consideration, nor a legal title thereto by delivery prior to or at the commencement of this suit, he is not entitled to maintain the suit. Whether this

conclusion is to be regarded as correct or not, we have seen that whatever interest the plaintiff may have acquired in the note was long after the note matured, and subject to the equitable defense of the defendant Robinson, which was established in his favor, and precludes the plaintiff from recovering upon the note.

It is further urged by the respondent that, as Alexander Forbes, who was one of the defendants who defaulted, died before the last trial, the defendant Robinson should not have been permitted to testify to any fact that occurred prior to his death, as the result of the trial might affect the estate of the deceased.

Section 1880, subdivision 3, of the Code of Civil Procedure, upon which this objection is based, provides that no testimony can be given by the following persons:—

"Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

This action is not against the legal representative of the deceased upon a claim against his estate. His legal representative, as far as disclosed by the record here, is not a party to it. And the testimony of defendant was not designed, neither did it tend, to establish a claim against the estate of the deceased, but was introduced for the purpose of resisting a claim against himself. His testimony for such a purpose would have been competent had the legal representative of the deceased, instead of the plaintiff here, been prosecuting the action upon the note against the defendant. (*Sedgwick* v. *Sedgwick*, 52 Cal. 336.)

There are other points made regarding rulings upon the evidence, but they do not call for special examination.

We find no prejudicial error in the record, and there-

fore think the motion for a new trial was improperly granted, and advise that the order granting it be reversed.

Vanclief, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order granting the motion for a new trial is reversed.

Hearing in Bank denied.