[No. 19076.   Department One. — February 25, 1893.]

JOHN ALLIN, AS TRUSTEE, ETC., RESPONDENT, *v.* R. WILLIAMS, APPELLANT.

PROMISSORY NOTES — ACTION AGAINST INDORSER — FORECLOSURE OF MORTGAGE — LIABILITY FOR DEFICIENCY. — An action may be maintained against an indorser of a note, payment of which has been secured by a mortgage given by the maker, to recover any deficiency resulting after a sale of the mortgaged premises under a judgment of foreclosure against the mortgagor.

ID. — ASSIGNMENT OF DEFICIENCY JUDGMENT — PLEADING — JUDGMENT AGAINST INDORSER. — In such action it is not necessary for the plaintiff to allege or prove an offer to assign to the indorser the deficiency judgment, or that the judgment in the action against the indorser should direct such assignment to be made.

ID. — RIGHTS OF INDORSER — ASSIGNMENT UPON PAYMENT — CONDITION OF RECOVERY. — An indorser is entitled, upon payment of a note which he has indorsed, or of a judgment against the maker rendered thereon, to an assignment thereof; yet such assignment is not a condition of the

payee's right of recovery, but is a right accruing to the indorser by reason of his payment.

ID. — INDORSEMENT BY AGENT — WAIVER OF PROTEST — RATIFICATION. — The indorsement upon a note of waiver of payment, presentment for payment, protest, and notice of protest, by one whose name has been signed as an indorser by another person, operates as an affirmance and ratification of the prior indorsement.

ID. — DEFENSE TO LIABILITY OF INDORSER — BURDEN OF PROOF. — The burden of proof rests upon the indorser of a note to prove, as a defense to his apparent liability upon the indorsement, as between himself and his immediate indorsee, that the indorsement was made merely for the purpose of transferring the note from a nominal holder to the true owner, or that the circumstances under which the indorsement was made were such as would render it inequitable to enforce an indorser's liability against him.

TRUSTS — MONEY DEPOSITED TO PAY NOTE — DUTY OF TRUSTEE — POWER OF LOAN. — A trustee of moneys, placed in his hands for the sole purpose of paying a note, which he cannot pay until it matures, is in duty bound merely to hold the money until those for whose benefit it is held give him definite directions, and he has no power or right to lend the money.

ID. — DEALING IN TRUST PROPERTY BY TRUSTEE — LOAN IN BAD FAITH. — Where a trustee, holding moneys, as a depositary thereof, to pay a note which had not matured, loaned them to one from whom he took land as security, which he had previously contracted to sell to a third party, who had, in turn, contracted to sell the same to the party to whom the loan was made, and it appeared that the land was declining in value, such third party being willing to deduct a large sum from the amount due him from the party to whom the loan was made, in order to have the latter substituted for himself as the debtor to the lender, a finding by the court that the trustee dealt with the trust property for his own profit, and did not act in good faith in making the loan, is sustained by the evidence.

JUDGMENT — FORMER ADJUDICATION — RECORD UPON APPEAL. — Where a judgment in a former action, relied on as a bar, is not set forth in the record upon appeal, it cannot be held to have constituted such a bar.

ID. — DISMISSAL OF ACTION. — The mere filing of the dismissal of an action with the clerk, or the entry of an order of dismissal upon the minutes, does not, of itself, constitute a bar to another action against the party as to whom the former action was dismissed.

ACTION BY TRUSTEE — INDORSEMENT OF NOTE BY BENEFICIARY — SETTLEMENT OF TRUST. — In an action by a trustee for a number of contributors, including the plaintiff and the defendant, to recover the unpaid amount of a note indorsed to the plaintiff, as trustee, by the defendant, individually, the relative rights and obligations of the defendant toward the several contributors are not involved, but should be presented in an action for their adjustment at the settlement of the trust.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. S. Wright,* and *John Haynes,* for Appellant.

*A. R. Metcalfe,* and *Anderson & Anderson,* for Respondent.

HARRISON, J.—In February, 1888, ten individuals, including the plaintiff and the defendant herein, borrowed upon their individual credit the sum of ten thousand dollars, for the use and benefit of the Pasadena Lake Vineyard, Land, and Water Company, a corporation in which they were interested (five thousand dollars thereof from the San Gabriel Valley Bank, and five thousand dollars from a Mrs. Banta), for which they gave their joint and several notes. About a month afterwards, the corporation paid to the defendant a sufficient sum of money therefor, for the purpose of taking up the notes and repaying the sums thus advanced, and the defendant deposited the same with the San Gabriel Valley Bank, to the credit of "R. Williams *et al.*" He immediately paid the loan that had been made by the bank, but Mrs. Banta refused to accept the money on her note, for the reason that it would not mature for nearly a year, and thereupon the money for its payment, viz., $5,221.98, was left in the bank to the aforesaid credit. Prior to this time, the defendant had contracted to sell to one Webster certain real property in Pasadena, and Webster had contracted to sell a portion of the same property to one Wilson. Webster was owing defendant five thousand dollars on his contract of purchase, and Wilson was owing to Webster a little more than this amount on his contract with him; and on April 18, 1888, in pursuance of an arrangement between them for the purpose of liquidating these several obligations, the defendant made a conveyance of the land to Wilson, Webster uniting therein; Wilson executed to the defendant his note for five thousand dollars, payable February 10, 1889, and secured the same by a mortgage upon the land, made to the defendant, as trustee

for the ten individuals who had signed the Banta note; and on April 21st the defendant transferred the aforesaid sum of $5,221.98 from the account of "R. Williams *et al.*" to his own personal account in the same bank. In September of that year, several of these individuals expressed a dissatisfaction with his acts relating to the money, and thereupon the defendant, acting through his attorney, Wright, who was one of the ten, surrendered to Wilson the aforesaid note and mortgage, and took from him a new note for five thousand dollars, maturing February 10, 1889, payable to "R. Williams or order," together with a mortgage on the same property, securing its payment, and on the same day indorsed the note to the order of "John Allin, as trustee," the plaintiff herein, and assigned the mortgage to him, "in trust for the benefit" of the ten contributors, naming them. After the Wilson note had matured, the plaintiff brought an action thereon, making Wilson and the defendant herein defendants in the action. Wilson suffered default, and the plaintiff, having dismissed the defendant herein from the action, took judgment against Wilson for the amount of the note, and for a sale of the mortgaged property. Upon the sale under that judgment, the property was bid in by the plaintiff for the sum of $2,400, and the sheriff returned a deficiency judgment of $3,737. Thereupon the plaintiff, as trustee for the benefit of the ten contributors, brought this action to recover from the defendant the amount of this deficiency.

1. The action against the defendant is for the purpose of enforcing his liability as an indorser upon the Wilson note. The averments of a recovery of judgment in the action against Wilson, and of the proceedings thereunder, are for the purpose of showing that a portion of the note has been paid, by subjecting the security given therefor to a sale, and thus determining the amount to be recovered from the defendant. The right to maintain an action against the indorser of a note whose payment has been secured by a mortgage given by the maker, after judgment has been recovered against

the maker in a suit to foreclose, was established in *Vandewater* v. *McRae*, 27 Cal. 596.

2. The court finds that Wright, who was the defendant's attorney, by whom the indorsement was made, was fully authorized to indorse the note, and there was sufficient evidence before it to authorize this finding. Aside from the general power of attorney which he had given him, the defendant directed Wright, at the time he was leaving the state in September, just after objection had been made by the contributors to his disposition of the money, to fix the matter up to suit those who were making those objections, and while he was absent from the state he sent a telegram to Wright to exercise his best judgment in arranging the matter. In addition to this, the defendant himself, after his return to Pasadena, indorsed upon the note a waiver of payment, presentment for payment, protest, and notice of protest, and the court was authorized to treat this act as an affirmance and ratification of the prior indorsement by his attorney.

3. The appellant contends that his indorsement of the note to the plaintiff was without consideration, and merely for the purpose of transferring the title thereto, and that he did not incur the liability of an indorser.

An indorser may show, as between himself and his immediate indorsee, that the indorsement was made merely for the purpose of transferring the note from a nominal holder to the true owner, as from an agent to his principal, or that the circumstances under which the indorsement was made were such as would render it inequitable to enforce an indorser's liability against him (*McPherson* v. *Weston*, 85 Cal. 90); but in any such case the burden of establishing such a defense to the apparent liability attendant upon his indorsement rests upon the indorser. The court below found, upon evidence which we think amply sustains its finding, that the "indorsement on the said note was made for the purpose of making the said defendant liable as an indorser of said note, and giving to the persons for whose benefit the plaintiff prosecutes this action the additional

security of such indorsement, and was made and received in settlement of the differences which existed between the defendant and the said persons, and that it is untrue that said indorsement was without consideration."

When the money was placed in the hands of the defendant, he was but a mere depositary thereof for the purpose of paying the Banta note, and after Mrs. Banta had refused to accept it until the note should mature, he still held it in trust for the ten contributors, without any authority to make any other disposition of it. Although some of these contributors expressed an opinion that the money ought not to lie idle, but should earn as much interest as they were paying to Mrs. Banta, still the defendant does not claim to have had any express authority to make a loan of it, but seeks to uphold his action by showing that there was a general desire that it should be loaned. He does not claim to have spoken specifically to more than three or four of the contributors, and they contradicted his statement, and, as well as the others, testified that the loan to Wilson was made without their knowledge. Under this evidence the court was authorized to find that the making of the loan to Wilson was his own act, and those for whom he held the money had the right to hold him responsible for any loss. They had the right to demand of him a transfer to another trustee of all of the money which had originally been placed in his hands for the purpose of paying the Banta note, irrespective of the use which he had made of it; but instead thereof they agreed to accept a transfer of the Wilson note and mortgage, with the additional security of the defendant's indorsement. This was a direct advantage to the defendant, as it relieved him from the obligation to make immediate payment of the trust-money, and gave him the contingent advantage of having his obligation entirely satisfied out of the mortgage security given by Wilson. The defendant does not contend that there was any express agreement by which his indorsement of the Wilson note was

to be taken in satisfaction of his liability for the money left with him in trust, but insists that the circumstances under which the indorsement was made show that it was so intended. Instead, however, of it appearing in the evidence that it was the intention of the parties to accept the Wilson note and mortgage in satisfaction of the obligation of the defendant, the circumstances and negotiations between them at the time of the transaction show that the parties were dealing at arm's-length, and that the contributors were demanding the indorsement of the defendant as an additional security; and the court was justified in finding that it was given for that purpose.

It is undoubtedly true that when a trustee holds funds which it is his duty to invest, and when the beneficiaries are interested chiefly in the income resulting from such investment, he will not be held liable for a depreciation of the security, or even for a loss in an investment that was made by him in good faith, and upon suitable security which was ample at the time of the investment. But this rule has no application to the present case. The defendant was a trustee of the moneys placed in his hands for the sole purpose of paying the Banta note, and when that could not be done, his duty was merely to hold the money until those for whose benefit he held it should give him definite directions. He was at no time a trustee for the purpose of lending, or with power to lend, the money. The court, moreover, finds that his acts in making the loan were not only not authorized by the contributors, but also that the loan itself was not made in good faith.

The land which he took from Wilson as security for the note was at the time held by him as security for an obligation of Webster to himself, and he was pressing Webster for payment. Although several of the witnesses testified that, in their opinion, the land was at that time a sufficient security for the loan, yet they were unable to corroborate their opinion by evidence of a sale of any land in that vicinity at any time between the transac-

tion with Wilson and the time of the trial, and it appeared that within a little more than a year it sold for less than half the amount of the loan.   It was also shown that lands were then declining in value, and Webster was himself willing to deduct twelve hundred dollars from the amount due him from Wilson, in order to effect the arrangement by which Wilson should be substituted for himself as the debtor to the defendant.   These facts authorized the court to find that the defendant dealt with the trust property for his own profit, in violation of section 2229 of the Civil Code, and, consequently, that he did not act in good faith in making the loan.   (Civ. Code, sec. 2234.)

4. The judgment in the case of *Allin* v. *Wilson* is not set forth in the record, and we cannot say that it is of such a character as to constitute a bar to the present action.   The mere filing of a dismissal with the clerk, or the entry of an order of dismissal in the minutes of the court, would not of itself constitute such a bar.   The facts shown in reference to the dismissal justify the conclusion that it was filed before the hearing of the matter upon the default of Wilson.

5. It was not necessary that the plaintiff should have alleged in his complaint or shown an offer to assign to the defendant the deficiency judgment against Wilson, or that the judgment herein should direct that such assignment be made.   Although an indorser is entitled, upon payment of a note which he has indorsed, or of a judgment against the maker rendered thereon, to an assignment thereof, yet such assignment is not a condition of the plaintiff's right of recovery, but is a right accruing to the defendant by reason of his payment.

6. A considerable portion of the brief on behalf of the appellant has been devoted to a discussion of the relative rights of the plaintiff and the defendant in the property bought under the Wilson judgment, as well as in the deficiency judgment, in case he shall satisfy the present judgment; and he argues therefrom, that as he is liable for only his share of the Banta note, there can

be no right of action against him until that share shall have been ascertained by a sale of the property bought in under the Wilson judgment, and the means of collecting the deficiency judgment against Wilson shall have been exhausted. It is unnecessary for us, however, to pass upon these questions, as they are not involved in this action. This is an action by the plaintiff, as trustee for the ten contributors, to recover from the defendant the unpaid amount of the note taken by him from Wilson, and indorsed to the plaintiff. The relative rights and obligations of the defendant towards the several contributors can be presented in an action for their adjustment at the settlement of the trust, after the Banta note shall have been paid.

The judgment and order denying a new trial are affirmed.

GAROUTTE, J., and PATERSON. J., concurred.