[Sac. No. 172.    Department Two.—June 17, 1897.]

J. M. FRACE, APPELLANT, *v.* J. S. BROWN, RE-SPONDENT.

ACTION UPON NOTE—LIABILITY OF INDORSER—PLEADING—CONSIDERATION —FINDINGS—APPEAL—CONFLICTING EVIDENCE.— In an action upon a promissory note indorsed by the defendant to the plaintiff, where the plaintiff does not merely charge the defendant as indorser, and leave it to him to plead a want of consideration, but alleges a consideration for the indorsement, which the defendant denies, and sets out that the money was loaned by plaintiff to the maker of the note, and indorsed by the defendant without consideration, and the findings and judgment were in favor of the defendant upon conflicting evidence, the judgment and order denying a new trial will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. BUCKLES, Judge.

The facts are stated in the opinion.

*W. Rigby*, and *George C. Sargent*, for Appellant.

Defendant was required to prove a lack of consideration by a clear preponderance of evidence. (*Allin* v. *Williams*, 97 Cal. 407; *McPherson* v. *Weston*, 85 Cal. 90.) The defendant's evidence was inherently improbable, and was insufficient to sustain the burden of proof. (*People* v. *Hamilton*, 46 Cal. 544; *People* v. *Ardaga*, 51 Cal. 371; *Blankman* v. *Vallejo*, 15 Cal. 639; *Guerrero* v. *Ballerino*, 48 Cal. 118, 122.)

*George A. Lamont*, for Respondent.

The issues having been determined in the court below upon conflicting evidence, the decision there reached must be affirmed. (*Dobinson* v. *McDonald*, 92 Cal. 36; *Reay* v. *Butler*, 95 Cal. 206.)

CHIPMAN, C.—This is an action upon a promissory note dated December 15, 1888, due thirty days after date, executed and delivered by one A. A. Bonney to defendant, and by him indorsed to plaintiff on February 5, 1889. Plaintiff alleges that the note was indorsed by defendant, after the same had been dishonored by nonpayment, and for a good and sufficient consideration; that at that time defendant waived all presentation of the note to said Bonney for payment and also notice of nonpayment. This alleged waiver is founded upon certain facts set forth in the complaint, the substance of which is that plaintiff loaned the money, for which the note was given, to defendant to assist the maker of the note, who, it is alleged, was defendant's partner in business, and by defendant's direction plaintiff paid the money (two thousand dollars) to Bonney, who then resided at Dalles, Oregon, where the note was executed. The alleged agreement between plaintiff and defendant appears to have been made at the town of Rio Vista, Solano county, where they then resided. The complaint is verified. Defendant denies specifically the al-

legations of plaintiff's complaint, and sets out that the
money was in fact loaned by plaintiff to Bonney, and
was sent to him by plaintiff; that defendant's connec-
tion with the loan was only that he had told plaintiff to
whom he could loan the money, and suggested Bonney;
that after the loan was made, Bonney did not send the
note promptly, and plaintiff requested defendant to
write Bonney; that defendant did so, and shortly after-
ward the note came to defendant and was drawn pay-
able to his order, and that thereupon, and without any
consideration, defendant indorsed the note to plaintiff.
The note bore date about the time the money was re-
ceived by Bonney.

The case was tried by the court and judgment given
for defendant. The appeal is from the judgment and
from the order denying plaintiff's motion for a new trial.
I find in the transcript the opinion of the trial judge, in
which he says: "The testimony of the two principal
witnesses, Frace (plaintiff) and Brown (defendant), was
diametrically opposed to each other. From Frace's
statement, if it be true, he would certainly be entitled
to recover the amount sued for; and it is certain Brown
received no benefit from the transaction whatever, and
he tells an entirely different story as to the transaction
and as to the loaning of the money to Bonney, and it
is a story that is reasonable, while there is nothing un-
reasonable about the Frace story, but the court must
determine between the parties"; and the learned judge
thereupon, in view of all the circumstances and facts,
ordered judgment for defendant.

Appellant makes the point that the defense set up
admits the execution and indorsement of the note and
pleads lack of consideration, and defendant must prove
it by a clear preponderance of evidence. (Citing *Allin*
v. *Williams*, 97 Cal. 407, and *McPherson* v. *Weston*, 85
Cal. 90.)

The case here is clearly distinguishable from those
cited. In the case cited in 97 Cal. the defendant was
trustee of a fund which he loaned upon a promissory

note, under circumstances such as justified the court in holding that he dealt with the fund for his own profit. He had indorsed the note, and the action was to enforce his liability as an indorser.    The court said: "An indorser may show, as between himself and his immediate indorsee, that the indorsement was made merely for the purpose of transferring the note from a nominal holder to the true owner, as from an agent to his principal, or that the circumstances under which the indorsement was made were such as would render it inequitable to enforce an indorser's liability against him (*McPherson* v. *Weston, supra*); but in any such case the burden of establishing such a defense to the apparent liability attendant upon his indorsement rests upon the indorser."

Appellant, recognizing the rule of this court that the findings of the court below will not be disturbed where there is a substantial conflict in the evidence, proceeds to show, from his point of view, by a very full and lengthy analysis of the evidence, that there was no *substantial* conflict.

The court finds the facts in much detail, the substance of which lies in small compass, so far as the real issues here are concerned.    It finds that the money was loaned to Bonney and not to defendant; that the note was made payable to defendant or order, and that without any consideration, and simply to transfer the title of the note to plaintiff, he, defendant, indorsed and delivered the note to plaintiff, and that there was at no time any agreement between plaintiff and defendant that the latter should indorse the said note or in any way become responsible as surety or security for the money loaned to Bonney.

I have read with some care the testimony contained in the transcript, and have examined the cases cited by plaintiff's counsel where this court, it is claimed, relaxed the rule as to findings based upon conflicting testimony. The very able argument of counsel as to the relative strength of the plaintiff's and defendant's case on the

evidence adduced would have been appropriate at the trial, and no doubt was presented there as here, but it seems to me it tends rather to emphasize the fact of the sharp conflict in the evidence than to show a want of conflict.

Appellant states the rule as laid down by Mr. Hayne in his work upon New Trial, pages 865, 866, to be: "A motion for a new trial on the ground of insufficiency of the evidence is addressed to the discretion of the court below, and that the ruling thereon will not be disturbed except for an abuse of discretion." The ruling of the court in this case does not seem to me to show abuse of discretion.

"It is the province of the trial court to decide questions of fact, and of the appellate court to decide questions of law, and this court can rightfully set aside a finding for want of evidence only where there is no evidence to support it or where the supporting evidence is so slight as to show abuse of discretion." (*Reay* v. *Butler*, 95 Cal. 206. See, also, *Dobinson* v. *McDonald*, 92 Cal. 36.) The trial judge had the witnesses before him, and possessed an advantage not accorded us here. I cannot say that his conclusions were wrong.

Appellant makes no point except that the findings are not supported by the evidence. I think he has failed to establish his contention.

The plaintiff's point that the defense of defendant is not established by a clear preponderance of evidence would have more force if plaintiff had not himself set up facts the denial of which presents substantially the defense set up by defendant. If plaintiff had been content with simply charging defendant as indorser, and left defendant to plead want of consideration, he would have had a stronger case here, but he undertook to set out the facts relating to the alleged loan to defendant and making of the note by Bonney and the indorsement subsequently.

Respondent makes the point that no sufficient de-

mand was made on the maker of the note or notice of nonpayment to the indorser.

Appellant replies that the point is made for the first time here, and besides has no merit. It is not necessary to decide this point, for if not well taken it would not change the result, and if well taken it would only add another reason for our conclusion.

I find no error in the judgment nor in the order denying plaintiff's motion for a new trial, and it is recommended that the judgment and order of the lower court be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order of the lower court are affirmed.

         McFARLAND, J., TEMPLE, J., HENSHAW, J.