[S. F. No. 627.　Department Two.—January 20, 1898.]

## F. E. WILDER, Respondent, v. H. F. BEEDE, Appellant.

ACTION FOR DECEIT—PROCUREMENT OF NOTE BY FRAUD—AGREEMENT AS TO USE OF PIANO—SUFFICIENCY OF COMPLAINT—RESCISSION.—In an action for deceit, a complaint alleging, in substance, that defendant, through his agent, obtained permission to place a piano of latest pattern in plaintiff's house for exhibition to intending purchasers of such instrument, with an agreement that plaintiff might have the use of it for a year, with privilege of purchasing the same if desired, and obtained her signature to a note for four hundred dollars, payable in one year, with interest at ten per cent per annum, under a trick and fraudulent representation that she was signing a receipt for the piano containing the terms of the agreement, and that defendant delivered an old, wornout instrument of no value, whereupon plaintiff offered to return the piano and defendant refused to receive it, and negotiated the note to a bank, which had recovered judgment thereon, which plaintiff was compelled to pay, states a sufficient cause of action for the deceitful obtaining of the note for which plaintiff received no consideration and which was used to her damage, and it is not necessary to show a rescission of a sale, which did not in fact exist.

ID.—FRAUD OF ASSUMED AGENT—ADOPTION OF ACTS—LIABILITY OF DEFENDANT.—Where the evidence showed that one assuming to be defendant's agent obtained plaintiff's note fraudulently, and that plaintiff was compelled to pay the same, and that defendant, who was a son of the owner of the piano, and had authority from her to sell it for two hundred and twenty-five dollars, before the paper was signed by plaintiff ascertained that a bank would discount plaintiff's note, and prepared a note payable to himself in the sum of four hundred dollars, which the assumed agent of defendant then fraudulently obtained from plaintiff under the representation that defendant was the owner of the piano, and defendant then immediately discounted it to the bank, and disposed of the proceeds, paying the excess of pr'ce to the assumed agent, the jury were at liberty to infer that the defendant accepted the note as one obtained by his own agent, and if such agent was self-constituted, defendant having accepted the note from him, knowing that it had been executed in advance of the delivery of the piano, and for a sum largely in excess of the value, was put upon inquiry into the acts and representations by which such agent had procured the paper, and, not having made such inquiry, the jury might find that he meant to take upon himself, without further information, the risk of any misconduct by such agent, and to adopt all his acts.

ID. — AGENCY OF DEFENDANT IMMATERIAL—ASSUMPTION OF CHARACTER OF PRINCIPAL.—The fact that defendant was himself the agent of his mother and did not personally profit by the fraud of his assumed agent in

obtaining the note, is immaterial, he having fully assumed in the supposed contract evidenced by the note the character of a principal, and allowed his assumed agent and the bank to treat him as such, and intended that plaintiff should regard him in that character.

ID.—PLAINTIFF NOT ESTOPPED BY BILL OF SALE, AND DELAY NOT INJURIOUS TO DEFENDANT.—The fact that defendant remitted a bill of sale of the piano executed by his mother to the plaintiff, and that plaintiff omitted for nine months to insist on defendant removing the piano from the house, does not estop nor conclude the defendant from disputing the sale, nor constitute a waiver of the fraud, as matter of law, the defendant not having in any way changed his position on account of her delay, and she having had the right, under the terms of the actual contract, to the use of the piano for one year.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial. Joseph P. Jones, Judge.

The facts are stated in the opinion.

Hartley & Abbott, and W. S. Tinning, for Appellant.

R. H. Latimer, for Respondent.

BRITT, C.—1. Action for deceit. Verdict and judgment were for plaintiff. It was in substance alleged in the complaint that the defendant, acting by one Hutchings, his agent, obtained permission from plaintiff to place in her house a new piano of latest pattern in order that the same might be exhibited to intending purchasers of such instruments in the neighborhood; in consideration of which permission it was agreed that plaintiff should have the use of the piano for one year, with the privilege of purchasing the same within that time if she desired to do so. That on the solicitation of said agent plaintiff signed a paper which he represented and which she believed to be a receipt for the piano containing the terms of the said agreement. That a few days later Hutchings set up in the home of plaintiff (about fifteen miles distant from Antioch, in Contra Costa county, where defendant resided) a piano which she subsequently found to be an old, worn-out instrument of no value; that thereupon she demanded of defendant an inspection of the paper she had signed, and was then informed by him for the first time that she had purchased the piano and had given therefor the following note: "$400.   Antioch, November 4, 1892.   One year after date

I promise to pay to H. F. Beede, or order four hundred dollars for value received, with interest at ten per cent per annum from maturity until paid. Mrs. Francis E. Wilder." That she signed but one paper relating to the piano, and that her signature to said note was procured by some trick or fraudulent device practiced by Hutchings when she thought she was signing a receipt for the piano as he represented to her. That she offered to return the piano to defendant, and he refused to receive it. That defendant transferred said note in due course to a certain bank, which latter sued plaintiff on the note after maturity thereof, and recovered judgment for the sum of $348.-15; that she paid such sum, and demands judgment against defendant in this action for the same amount.

There was no demurrer to the complaint, but defendant contends here that it stated no cause of action, in that it failed to show that plaintiff followed the course for rescinding a contract marked out in section 1691 of the Civil Code. The complaint shows, however, that the foundation of the action is the deceitful obtainment of plaintiff's promissory note, for which she received no consideration, and which was used to her damage; according to its allegations the execution of the note was no part of the actual contract; rescission of a contract of sale was not necessary to the maintenance of the action, for no such contract was made. There was much matter in the complaint which we have not set out, some of which might have been omitted to the great improvement of the pleading; possibly the complaint was ambiguous or uncertain—objections waived by failure to demur, but it stated a cause of action.

2. It is not disputed that the evidence sufficed to show that Hutchings obtained the note fraudulently, and that plaintiff was compelled to pay the same, substantially as charged in the complaint; but the defendant insists that the evidence disclosed no relations between Hutchings and himself to render him liable for the acts of the former. There was evidence that the piano belonged to one Lucia S. Beede, the defendant's mother, who was a member of his household, and it seems that defendant had authority from her to sell the same, at the price of two hundred and twenty-five dollars. Hutchings, in his negotiation with plaintiff, represented defendant to be the owner of the in-

strument, and the contract which he exhibited to her, and which she supposed herself to be executing purported to be made with the defendant. After plaintiff had agreed with Hutchings to receive the piano into her house, but before she had signed the paper, Hutchings, accompanied by defendant, went to the Bank of Antioch and ascertained that it would discount plaintiff's note. Hutchings then requested defendant to prepare the note described in the complaint payable to himself, H. F. Beede; the latter complied and passed the same to Hutchings ready for signature; this was on November 4, 1892. A day or two later Hutchings returned with the note signed by plaintiff; defendant immediately transferred it to the bank at twelve per cent discount, he receiving two hundred and twenty-five dollars of the net proceeds, and Hutchings the remainder. Of the sum so obtained by defendant he delivered two hundred and twenty dollars to said Lucia S. Beede, and used five dollars to pay expenses of shipping the piano to plaintiff. Plaintiff received the piano on November 8, 1892, and the next day she learned that the paper she had given to Hutchings was her promissory note, that it had been assigned to said bank, and that defendant considered the piano to have been sold to her; about the same time defendant—of his own motion, it seems from the evidence for plaintiff—sent to her by mail a bill of sale of the piano executed by his mother. In August, 1893, plaintiff notified defendant 'to come and get his piano.' She testified, 'We were hunting up as fast as we could to see what we could do about the case.' The value of the piano did not exceed seventy-five dollars. The evidence was conflicting as to some of the matters above stated, and there was much testimony besides, unnecessary to be here set out.

The defendant testified in a general way that he sold the piano to Hutchings, and if this were so it might be difficult to find in the evidence adequate ground for charging him with Hutchings' misdoing; but the particulars in proof did not sustain that view; the note showed on its face that it was a contract between plaintiff as payer and defendant as payee; it was discounted and the proceeds were divided between Hutchings and defendant before the piano was taken from the latter's house; the bill of sale made on defendant's procurement ran to plaintiff,

not Hutchings. Clearly, defendant acted on the assumption that through Hutchings the piano had been sold to plaintiff and that she had agreed to pay him, defendant, the sum of four hundred dollars for the same; in that form the transaction had his approval. It is not claimed that defendant believed, or had any reason to believe, that Hutchings was the agent of plaintiff; the jury were therefore at liberty to infer that he accepted the note as one obtained by his own agent. (Civ. Code, secs. 2307, 2310; *Allin v. Williams,* 97 Cal. 403, 407.) It is urged, however, that such a ratification of the supposed sale involved no adoption of the fraud of Hutchings because defendant had not been informed thereof. But the defendant accepted the note from a self-constituted agent, knowing that it had been executed in advance of the delivery of the piano to plaintiff, and for a sum largely in excess of the value of the instrument; the circumstances made it his duty to inquire into the acts and representations by which such agent had procured the paper; he made no inquiry, and the jury might well find that he meant to take upon himself, without further information, the risk of any misconduct of Hutchings and to adopt all his acts. (*Busch v. Wilcox,* 82 Mich. 336, 340; 21 Am. St. Rep. 563; *Lewis v. Read,* 13 Mees. & W. 834; Mechem on Agency, secs. 128, 129. See *Veazie v. Williams,* 8 How. 157; *Pope v. Armsby Co.,* 111 Cal. 159.) Defendant's liability necessarily follows. (Civ. Code, secs. 2338, 2339; *Riser v. Walton,* 78 Cal. 490; *Wheeler etc. Mfg. Co. v. Aughey,* 144 Pa. St. 398; 27 Am. St. Rep. 638.)

It is immaterial that defendant was himself an agent and personally was not profited by the fraud. The relation he assumed to the supposed contract evidenced by the note was, from first to last, that of a principal; he allowed Hutchings and the bank to treat him as such, and intended that plaintiff should regard him in the same character. That he incurred toward her such liabilities as may be incident to that relation is too plain for argument. Nor is it of controlling importance in the case that plaintiff retained the bill of sale sent to her by defendant, and omitted for several months to require him to remove the piano from her house. While these facts had a tendency to show that plaintiff waived the fraud and would abide by the sale which defendant claimed to have been made, they were not conclusive.

By the terms of the actual arrangement with Hutchings, she was to have possession of the piano for one year if she so desired; she had no dealing with the person who executed the bill of sale; her note had been passed already to an innocent holder; and the defendant in no way changed his position on account of her delay. Waiver is commonly a question of fact; certainly it cannot be said here as matter of law that plaintiff waived the fraud. (*Russel v. Amador,* 3 Cal. 400, 402.)

Defendant complains of certain instructions given to the jury at plaintiff's instance. Portions thereof are transcribed from the complaint and contain matters of little or no pertinence to the case; but in our opinion the relevant parts of the instructions complained of were not erroneous, and those irrelevant were not prejudicial to defendant. The judgment and order denying a new trial should be affirmed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Henshaw, J., Temple, J., McFarland, J.