Kamm *v.* Holland.

---

Jacob Kamm, Appellant, *v.* F. S. Holland, impleaded with S. S. White and others, Respondents.

*Appeal from Multnomah County.*

What is an indorser.

A. Holland and S. S. White, partners in trade, under the name and style of Holland & White, were the original makers of a note to plaintiff Kamm for a valuable consideration, and, before it was delivered to the payee, defendant, F. S. Holland, signed his name on the back of said note, with the addition thereto of the word "*security*," and when the note became due there was no demand upon makers, and no notice, of course, served on him.

The Circuit Court held that F. S. Holland was not liable thereon as maker or guarantor, and, not having been charged by demand and notice, he could not be held as indorser; to which decision the plaintiff excepted and appealed.

*D. Logan, Esq.,* for appellant, claims that one who writes his name on the back of a note previous to delivery is a

*guarantor*, and not an indorsor.    Cites: 13 *Ill.*, 682; 2 *Cal.*, 485; 24 *Pick.*, 64–66; 31 *Maine*, 536.

*A. E. Wait, Esq.*, for respondents, claims that *guarantor even* is only an indorser.    Cites: *Statutes of Oregon, p.* 445, *sec.* 5; 7 *Hill,* 418; 1 *Comstock,* 321; 6 *Barb.,* 282; common law rule, *Chit. on Bills,* 241; *Story on Bills,* 264, 5, 6; 2 *Hill,* 280; as to guarantor, 16 *Cal.,* 152; 4 *Sneed.,* 336; 2 *Metcalf,* 216; 12 *Tanner,* 389; 3 *Ohio,* 418; 9 *Iowa,* 473; 11 *Wisconsin,* 644; 16 *Conn.,* 236, &c.

PRIM, J.   In this case we are called upon to determine in what capacity a third party is liable who indorses his name in blank on the back of a negotiable paper before it is delivered to the payee, or indorsed by him.   Here, F. S. Holland so indorsed his name, with the addition of the word " security." It is insisted by appellant that, in so doing, he became liable as maker or guarantor of the note, and cites many respectable authorities from Massachusetts and other States in support of that position.

*Contra.*—It is insisted by respondent that in so writing his name, he only became liable as indorser on the usual condition precedent of demand and notice, and cites and relies upon authorities of equal number and force from New York and other States.   As this is the first time that this question is here for adjudication, we might decide it in either way under the adjudications in other States as cited, and have an abundance of authority to sustain our decision.   It is only necessary for us to elect which rule we will adopt.   We are of the opinion that the weight of authority, as well as of reason and sound policy, are in favor of the rule as adopted in New York.   That is the great commercial State, and we think it has adapted the better rule of commercial law, which is, where a party places his name in blank on the back of a negotiable paper before delivery to payee, he does not thereby become liable as maker or guarantor, but as an indorser; and

as such is entitled to due demand and notice. (See *Hall* v. *Newcomb*, 7 *Hill*, 416, and cases there cited; 6 *Barbour*, 282; 15 *Maryland R.*, 291; *Iowa*, 473; *Edwards on Bills*, 273–274.) Then the Circuit Court was correct in holding that F. S. Holland was not liable as maker or guarantor; and, not having been charged by demand and notice, he could not be held as indorser.

Judgment is affirmed.