Miller, J.
But a single question is presented by the record for our determination. The promissory note was inade by Smith, payable to the order of Redhead & Wellslager, and by them indorsed in blank and delivered to the plaintiff. The court permitted the plaintiff to give parol evidence of a contract different from that implied by a blank indorsement, and showing the real nature of the transaction; that the indorsers obtained the loan from the plaintiff, promised to repay the money to the plaintiff, and waived demand, and notice of non-payment by the maker.
The instructions given to the jury were also framed upon this theory of the law.
Appellants’ counsel urge that the rule of evidence, “that prior or cotemporaneous parol evidence is not admissible to contradict or vary the terms of a valid written instrument,” was violated by the court below in the admission of the evidence referred to, and in the instructions given to the jury.
This same question came before this court in Harrison v. McKim, 18 Iowa, 485, where it was learnedly argued and carefully and fully considered, and, after an examination of numerous authorities, it was held that “ in an action *49 by the indorsee against the indorser of a promissory note, on an indorsement made in blank, it is competent for the defendant to show by parol evidence the actual contract or agreement pursuant to which such indorsement was made.”
Under the rule established in that case, there was no error in the admission of the evidence objected to or in the instructions given to the jury. The judgment' will therefore be affirmed.
Affirmed.