[ Filed April 7, 1890. ]

# DEERING & CO., RESPONDENTS, *v.* CREIGHTON & QUIVEY, APPELLANTS.

NEGOTIABLE PAPER—INDORSEMENT BY THIRD PERSON, SECOND INDORSEMENT.—In this State when a third person indorses a negotiable note before it is delivered to the payee or indorsed by him, he is *prima facia* liable as a second indorser.

NEGOTIABLE PAPER—PRESUMPTION—PAROL EVIDENCE.—But while in such case, when a third person so indorses a note, the liability is presumptively that of an indorser, it may be shown by parol evidence to be the liability of a joint maker according to the intention of the parties as disclosed by the tacts.

PLEADING—INDORSER—ORIGINAL PROMISOR.—The plaintiffs cannot recover in such case unless their complaint contain special averments showing the facts relative to the transaction, which operates to charge the defendants as original promisors or joint makers. The defect cannot be obviated in the reply.

APPEAL from Benton county: R. S. BEAN, judge.

This was an action to recover on certain promissory notes made by divers persons, and payable to the order of the plaintiffs. The notes were made and executed in the usual form of negotiable paper. Taking one as an example of the others, it is signed by Ruby E. A. Wood, Jesse Wood, I. N. Wood, as makers, and on the back of it an endorsement as follows:

"For value received, we hereby waive protest, demand and notice of non-payment.

"CREIGHTON & QUIVEY."

The answer admits the indorsement, but alleges that they were so endorsed after the making of the same by the said makers above-named, and before the delivery to the plaintiffs as payees, etc.

The reply admits this, and sets up that the indorsement was for the purpose of giving the makers credit with the plaintiffs, and in payment of machinery sold by the defendants on commission, according to an agreement with them, etc. The cause was tried before the court, and among other things found that the plaintiffs shipped goods as provided in the contract, and that the defendants took the notes mentioned for such goods when sold, and indorsed them as above, before delivery to the plaintiffs, who relied upon such indorsements of the plaintiffs and not on the makers thereof, etc.

The counsel for the defendants moved to strike out, and also demurred to such matter set up in the reply, which was overruled by the court. The trial resulted in a judgment for the plaintiffs, from which this appeal comes.

*W. S. McFadden* and *J. R. Bryson,* for Respondents.

*L. Flinn* and *J. W. Rayburn,* for Appellants.

LORD, J., delivered the opinion of the court.

The principal question arises out of the decision on the demurrer to the matter set up in the reply as inconsistent with the facts alleged in the complaint, or, to raise the same question in another form, that the complaint does not state facts sufficient to show that the defendants are original promisors or joint makers. Taking the note as it stands, what is its legal effect? Are the defendants joint makers, guarantors or indorsers? The liability created by such an indorsement presents an important and perplexing question, in which the conclusions of the courts are at variance. Such indorsements are regarded as irregular or anomalous, and the person so indorsing a *quasi* indorser.

There is but little doubt that the weight of authority is that a third person who indorses a note at the time of its execution and before its delivery to the payee will be presumed an original promisor or joint maker. Mr. Lawson says: "In a few of the States, as well as in England, he *prima facie* incurs the liability of an indorsor, but parol evidence is admissible to prove the intention of the parties which, when ascertained, determines his liability." But he adds: "By the weight of authority, he is liable as joint promisor or co-maker if he indorsed the note before it was issued, but if shown to have indorsed it after its issue, he is liable as a guarantor, but in both cases evidence is admissible of the real intention of the parties, which, when ascertained, determines his liability." Lawson's Rights and Remedies, § 1575, and note of authorities; 20 Am. L. Reg. p. 331, note to *Andrews* v. *Congars,* where the authorities are carefully collected and distinguished by States; Tiedeman on Commercial Paper, §§ 270, 272. In this

State, where a third person indorses a bill or note before it is delivered to the payee or indorsed by him, he is *prima facie* liable as a second indorser.

In *Kamm* v. *Holland,* 2 Or. 60, the question was presented as to the liability a third party assumed who indorses his name in blank on the back of a negotiable paper before it is delivered to the payee and indorsed by him, and the court held that he became liable as an indorser and as such was entitled to due demand and notice of non-payment. So in *Cogswell* v. *Hayden,* 5 Or. 23, the court says: "The only presumption that can arise from Cogswell's indorsement is, that he intended to become a second indorser."

For its reason the court adopted the reasoning assigned in *Bacon* v. *Burnham,* 37 N. Y. 616, that "it must be sup· posed, in the absence of any proof to the contrary, that perceiving the name of the payee in the note, he indorsed it on the presumption that the name of such payee, to whose order it was made payable, would also, at some time, appear on the note, for only thus would it become negotiable." See also *Barr* v. *Mitchell,* 7 Or. 346. So that whatever diversity of opinion may exist or how—was the question *res integra*—we might be disposed to regard such liability in the absence of explanatory evidence, the rule of commercial law in this particular must be considered as settled.

But, while in such case, when a third person indorses a note concurrently with its execution, and at or before its delivery to the payee, the liability assumed is presumpt· ively that of an indorser, it may be shown by parol evidence to be the liability of a joint maker, or guarantor, according to the intention of the parties as disclosed by the facts. Looking at the note with its indorsement, and upon the facts as alleged, the defendants were presumptively liable as indorsers, who waived demand, protest and notice of non-payment. In the light of our adjudications, they can not be regarded *prima facie* as joint makers, because, according to the reason assigned, in the absence of explanatory evidence, the presumption is, that the defendants

supposed that they would incur no liability until after the payee had first indorsed. According then to the facts as alleged in the complaint they are liable as indorsers, while by virtue of the facts as alleged in their reply the defendants are liable as joint makers, and the plaintiffs have recovered against them as such for that reason. This is inconsistent. Upon the complaint as it stands, there could be no such recovery, but the reply cannot obviate this defect or vary the liability. It is a part of the plaintiff's case, and the necessary facts must be alleged and proved to establish such liability. In a word, the plaintiffs cannot recover in such case, unless their complaint contain special averments showing the facts relative to the transaction which operate to charge the defendants as original promisors or joint makers. Mr. Lawson cites numerous cases, showing, in respect to these irregular indorsements, that parol evidence is admissible to prove the intention of the parties, which, when ascertained, determines their liability, but the cases cited also show that the facts were alleged in order to sustain such a recovery. Lawson's Rights and Remedies, § 1575, and note of authorities.

The complaint in *Moore* v. *Cross*, 19 N. Y. 227,[1] alleged the facts that the indorsement was made for the purpose of paying for coal sold and delivered by the plaintiff to the defendant on the credit of such indorsement, etc., and is referred to and adopted in 1 Abbott's Forms, p. 237, for the purpose of showing the facts necessary to be averred in such case. As the plaintiffs claim that the defendants were joint makers of the note, and that such was their understanding and contract, these are facts necessary to be averred in their complaint, and the defect was not obviated by their statement in the reply. It made the reply inconsistent with the complaint, which, upon the facts as alleged, established a different liability. The demurrer to the new matter set up in the reply should have been sustained.

It follows that the judgment must be reversed and the case remanded for such further proceedings as may be proper in the premises.

(1) 75 Am. Dec. 326.