[Argued January 23; decided April 3, 1894.]

## WADE *v.* CREIGHTON.

[S. C. 36 Pac. 289.]

1. BILLS AND NOTES—INDORSEMENT BEFORE DELIVERY.—Third persons who indorse notes before delivery are original promisors, and as the form of the note is joint or several, so will be their liability.*

2. IDEM.—Under the established rule in Oregon a third party who indorses a note at the time of its execution and before delivery is *prima facie* a second indorser, the presumption being that he did not expect to incur any liability until the payee had indorsed ( *Kamm* v. *Holland,* 2 Or. 59; *Cogswell* v. *Hayden,* 5 Or. 23; *Deering* v. *Creighton,* 19 Or. 120 ); but where such an indorsement is made to give the maker credit with the payee, and the indorser waives protest, demand, and notice of nonpayment, he will be considered as a first indorser, and may be sued as such.

APPEAL from Benton: J. C. FULLERTON, Judge.

The complaint in this case contains ten separate causes of action, based on ten certain promissory notes, all which causes are stated in the same language, except as to the dates, amounts, and names of the makers of the several notes. Each note is indorsed by the defendants, who are strangers thereto, which indorsements were made before such notes were delivered to the payees therein, and read as follows: "Creighton & Quivey, agents. For value received we hereby waive protest, demand, and

*NOTE.— The numerous cases on the question of the nature of the liability of a stranger who indorses commercial paper before delivery are brought together and analyzed in a note to *Fullerton* v. *Hill* ( Kan.), 18 L. R. A. 33.— REPORTER.

notice of nonpayment. Creighton & Quivey." The complaint alleges, in substance, that the defendants, in consideration of certain goods delivered to them to be sold and accounted for, thus indorsed said notes, and delivered the same to the plaintiffs, and that plaintiffs accepted them from the defendants, in payment for such goods, relying upon the credit of the indorsers, and not upon the credit of the makers. The defendants interposed a demurrer to each cause of action upon the ground that there is a defect of parties, in that the makers of the several notes are necessary and proper parties defendant, which demurrer being overruled, and the defendants refusing to further plead, the court gave judgment for plaintiffs, from which this appeal is taken.

AFFIRMED.

*Messrs. Lawrence Flinn* and *Charles E. Wolverton* ( *Mr. J. W. Rayburn* on the brief), for Appellants.

*Mr. J. R. Bryson* ( *Mr. W. S. McFadden* on the brief), for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

It appears that the demurrer is founded on the assumption that, upon the facts alleged, the defendants became, by their indorsement, joint makers of the several notes, and that as such they cannot be sued without joining the other makers and payees as defendants. This is put upon the ground that if, by their engagement, the defendants are to be deemed joint makers, logically each instrument must be deemed a joint note as to them, notwithstanding they may be joint and several in form; and hence that an action cannot be maintained upon them against the defendants without joining the makers thereof and payees. But this is not so. When it is said

that a third party who indorses a promissory note at its
inception to give it credit with the payee is a joint
maker, it is meant that his liability is the same as if he
had signed the note upon its face below the maker's
name.    As his contract takes effect simultaneously with
that of the party who signs the note upon its face, and
the right of the payee inures against each at the same
time, he is, in legal contemplation, an original promisor,
and, as such, deemed a joint maker.  The phrases "original
promisor," and "joint maker" in such cases are generally
used interchangeably, to denote the liability assumed by
the contract.    Referring to these anomalous indorse-
ments, Mr. Justice STORY says:  "As he who signs on
the face, and he who indorses his name on the back,
both promise to do the very same thing, to wit, to pay
the money at the specified time, they may, without doing
violence to the contract, be deemed as joint makers; and
as, in point of form, each promises for himself, the under-
taking may be treated as several, as well as joint":    Story
on Promissory Notes, § 469.    The authorities which hold
that a third party who signs his name on the back of a
negotiable promissory note is a maker and original prom-
isor, also hold that his liability is the same as it would
have been had he signed such note upon its face.    Upon
this point Mr. Justice CLIFFORD says:  "They placed
their names there at the inception of the note, not as a
collateral undertaking, but as joint promisors with the
maker, and are as much affected by the consideration
paid by the plaintiff, and as clearly liable in the charac-
ter of original promisors, as they would have been if
they had signed their names under the name of the
other defendant upon the inside of the instrument":
*Rey* v. *Simpson*, 22 How. 341.    Can there be any doubt,
if the defendants in the case at bar had signed their
names under the names of the ostensible makers of the

several notes mentioned, that the measure of their liability would be joint, or joint and several, according to the tenor of the notes? To give their contract a different effect would ignore its terms. As all the notes sued on, with one exception, are joint and several in form, the defendants, with the exception noted, are jointly and severally liable upon them, and hence they may be sued alone or without joining the makers as parties defendant. In cases of this sort, where a party writes his name on the back of the note, "his signature," as Mr. Justice CLIFFORD observes, "binds him in the same way as if it was written on the face of the note, and below that of the maker; that is to say, he is held as a joint maker, or as a joint and several maker, according to the form of the note": *Good* v. *Martin*, 95 U. S. 90. This being so, if we should concede that the defendants, by their undertaking, upon the facts alleged, assumed the liability of original promisors or joint makers, we must look to the form of the notes themselves to determine the nature of their liability. In this view it would result, if we should treat the defendants as joint makers, as counsel did by their demurrer, that the objection raised is without merit.

But are the defendants joint makers? The contention of their counsel is that, in view of the similarity of the facts alleged in the case at bar to those alleged in *Deering* v. *Creighton*, 19 Or. 120, 20 Am. St. Rep. 800, 24 Pac. 198, they are justified in assuming that the defendants are joint makers of the several notes sued on. This is a misapprehension. In that case the trial court held that, upon the facts as alleged in the reply, the defendants were joint makers of the note, and as such allowed a recovery against them, while the facts as alleged in the complaint, under our adjudications, showed that they were presumptively liable as second indorsers. Such being the state of the

case, if we were to adhere to our previous adjudications and follow the authorities upon which they were based to the logical conclusions announced by them, we would be bound to hold that, where the facts disclose that the note was indorsed before delivery for the purpose of giving the maker credit with the payee, the defendants are liable as first indorsers. Hence, within the purview of our adjudications, if the facts set out in the reply disclose such a case, and could be used to aid the complaint, the defendants would not have been liable as joint makers, and the plaintiff could not recover against them as such, as the trial court held. In this view, the reply was inconsistent with the complaint, which upon its face established a different liability. While all the courts agree that a liability is incurred by a third party who signs his name upon the back of a negotiable promissory note at the time it is made, there is a perplexing difference in their opinions as to whether he should be regarded as a joint maker, guarantor, or indorser. There is little doubt that the weight of authority is that a third person who indorses a note at the time of its execution and before its delivery to the payee will be presumed to be an original promisor or joint maker: Lawson, Rights, Remedies, and Practice, § 1575; Tiedmann on Com. Paper, §§ 270, 272.

2. But in this state the theory that such an indorser is a joint maker, guarantor, or first indorser is rejected, and the party is held *prima facie* liable as a second indorser, for the reason that, in the absence of explanation, the presumption is that he did not expect to incur liability until the payee had first indorsed. In *Cogswell* v. *Hayden*, 5 Or. 23, the court say: "The only presumption that can arise from Cogswell's indorsment is that he intended to become second indorser," and in support thereof quote the language of BACON, J., that "it must be supposed, in the absence of any proof to the contrary,

that perceiving the name of the payee in the note, he indorsed it on the presumption that the name of such payee, to whose order it was made payable, would also, at some time, appear upon the note; for only thus would it become negotiable": *Bacon* v. *Burnham*, 37 N. Y. 616. The rule as settled in New York, that one, other than the maker, who indorses a negotiable promissory note, is presumptively a second indorser, was adopted in this state in *Kamm* v. *Holland*, 2 Or. 59, was followed in *Cogswell* v. *Hayden*, 5 Or. 23, and regarded as settled in *Deering* v. *Creighton*, 19 Or. 120, 20 Am. St. Rep. 800. It is likewise held in that state that, where the note is indorsed by a third party, before delivery, for the purpose of giving the maker credit with the payee, the latter may hold him liable as the first indorser, but not as guarantor or maker: *Coulter* v. *Richmond*, 59 N. Y. 479; *Moore* v. *Cross*, 19 N. Y. 227, 75 Am. Dec. 326, *Spies* v. *Gilmore*, 1 N. Y. 321; *Hall* v. *Newcomb*, 7 Hill, 416, 42 Am. Dec. 82. As the facts show, the defendants indorsed the note before delivery, to give the maker credit with the plaintiffs as payees, unless we ignore the authorities upon which our previous adjudications are based, and the conclusions to which they lead, we are bound, logically, to hold that the defendants are liable as first indorsers. Mr. Daniel, after showing how diversified and contradictory are the views generally held by the different courts in this country, expresses the opinion that "the party who puts his name on the back of a negotiable note before it is indorsed by the payee, should be presumed to be a first indorser": Daniel on Negotiable Instruments, § 714.

While, therefore, we have adopted the New York adjudications in holding that where a third party indorses a note before its delivery to the payee, he is presumptively a second indorser, and entitled to the rights, privileges,

and immunities incident to that situation, and, therefore, *prima facie*, not liable to such payee, but only to subsequent indorsers, yet it seems to us, if we are to be consistent, that we should also hold with the New York adjudications that, where the facts alleged show that the payee took the note from, and gave credit or parted with value to, the maker, with the knowledge of the indorser, and upon the faith of his indorsement, he is liable as a first indorser, and that an action may be maintained by the payee against such indorser upon the note. This view certainly would give significance to the words of the indorsement, "We hereby waive protest, demand, and notice of nonpayment," above the signatures of the defendants, and from which it would seem that the defendants assumed towards the plaintiffs the relation of indorser and indorsee, and waived demand and notice. By no other construction can we give force and effect to the language of such indorsement. As the facts and contract under which the notes were signed on the back by the defendants are set out, it is manifest that they intended in some way to become liable to the plaintiffs for the payment of the notes, and consequently that we must construe them so as to give effect to all its terms and provisions. In doing this, the interpretation ought to be just such as carries into effect the intention of the parties, so that the obligors may be bound according to their agreement. While the facts are such that, by the weight of authority, the defendants may be deemed liable as original promisors, and joint, or joint and several makers, according to the form of the note, it seems to us, in view of the language of the indorsement, and the interpretation of similar contracts under the New York adjudications to which we have alluded, that we must hold the defendants liable as first indorsers to the plaintiffs. Such being the case, it results, so far as the defendants are con-

cerned, in either view, that it is not necessary to join the makers as parties, and that the judgment therefore will be affirmed.                                            AFFIRMED.