[No. 1927. Decided December 28, 1895.]

## T. N. ALLEN, *Trustee, Appellant, v.* A. H. CHAMBERS *et al., Respondents.*

SURETYSHIP — TRIAL OF QUESTION — NEGOTIABLE INSTRUMENTS — ACTION AGAINST INDORSERS — PAROL EVIDENCE — CONSIDERATION.

The provisions of Code Proc., §§ 756–759, respecting the rights of sureties and providing that when an action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written application to the court, cause the question of suretyship to be tried and determined, have no application to an action brought against the indorsers upon a promissory note by the holder thereof, without joining the maker, and the question of suretyship cannot be raised by answer in such action.

The holder of a negotiable promissory note may bring an action thereon against the indorsers without the principal, and the indorsers cannot require him to proceed against the maker.

Parol evidence is inadmissible to vary the implied contract arising from the absolute indorsement and delivery of a negotiable promissory note for the purpose of showing that the liability of the indorsers was that of sureties instead of indorsers.

Want of consideration between the maker and indorsers of a negotiable promissory note is not a defense to an action thereon by the holder against the indorsers.

Appeal from Superior Court, Thurston County— Hon. T. M REED, JR., Judge. Reversed.

*T. N. Allen,* for appellant:

A plea by a defendant that he is a surety must be on a complaint filed by him against a co-defendant, who is the principal debtor; it is not a cross-complaint, but a new proceeding and cannot be tried upon the summons issued by the plaintiff for the original defendants. *Joyce v. Whitney,* 57 Ind. 550; *Harvey v. Osborn,* 55 Ind. 535; *Browning v. Merritt,* 61 Ind. 425.

Payee-indorsers of negotiable paper cannot plead, and will not be permitted to show by oral testimony, that they are sureties. *Graham v. Roberson*, 79 Ga. 72; 1 Brandt, Suretyship, § 29; *Hubbard v. Gurney*, 64 N. Y. 457; *Kellogg v. Dunn*, 2 Metc. (Ky.) 215; *Hall v. Newcomb*, 7 Hill, 416 (42 Am. Dec. 82); *Finley v. Green*, 85 Ill. 536; 1 Daniels, Negotiable Instruments, § 709–711; *Doolittle v. Ferry*, 20 Kan. 230 (27 Am. Rep. 166); *Dale v. Gear*, 38 Conn. 15 (9 Am. Rep. 353); *Lee v. Pile*, 37 Ind. 107; *Wilson v. Black*, 6 Blackf. 509; *Bartlett v. Lee*, 33 Ga. 491; *Woodward v. Foster*, 18 Grat. 205; *Fassin v. Hubbard*, 55 N. Y. 465; *United States Bank v. Dunn*, 6 Pet. 51; *Wright v. Morse*, 9 Gray, 337 (69 Am. Dec. 201); *Bigelow v. Colton*, 13 Gray, 310 (74 Am. Dec. 633); *Hauer v. Patterson*, 84 Pa. St. 274; *Barnard v. Gaslin*, 23 Minn. 192; *Charles v. Denis*, 42 Wis. 56 (24 Am. Rep. 383); Randolph, Commercial Paper, § 778. An indorser of a negotiable instrument is not such a surety as is contemplated by the statute concerning sureties. *Bates v. Branch Bank*, 2 Ala. 689; *Clark v. Barrett*, 19 Mo. 39; *Ross v. Jones*, 22 Wall. 576; *Trimble v. Thorne*, 16 Johns. 152 (8 Am. Dec. 302); *Beebe v. Bank*, 7 Watts & S. 375.

*John P. Judson*, and *John C. Kleber*, for respondents:

That the contract of indorsement may be varied by parol, in cases of deception, fraud and mistake, counsel cite, *Parke v. Chadwick*, 8 Watts & S. 98; *Clark v. Partridge*, 2 Barr, 13; *Rearich v. Swinehart*, 11 Pa. St. 233 (51 Am. Dec. 540); Byles on Bills (6th Am. ed.) 157–159, and notes; *Holbrook v. Burt*, 22 Pick. 546; *Gooch v. Conner*, 8 Mo. 391; *Sandford v. Handy*, 23 Wend. 260; *Hunt v. Rousmanier*, 8 Wheat. 174; *Jarvis v. Palmer*, 11 Paige, 650; *Craig v. Society*, 7 B. Mon. 73.

The opinion of the court was delivered by

DUNBAR, J.—The complaint in this action alleges that the Olympia Light and Power Company, a corporation, on the 1st day of June, 1893, for value received executed and delivered to the defendants herein and to Alexander Farquhar its promissory note, whereby it promised to pay to the order of said payee at the First National Bank of Olympia, Washington, the sum of $8,000.00 in gold coin, etc. The note is set out in the complaint, and is in the following words:

"$8,000.00.

"OLYMPIA, WASHINGTON, June 1, 1893.

"One year after date, for value received, we promise to pay to the order of A. H. Chambers, George D. Shannon, E. T. Young, Robert Frost and Alexander Farquhar, at the First National Bank of Olympia, Washington, eight thousand dollars in gold coin of the U. S., with interest thereon from date until paid at the rate of ten per cent. per annum. Interest payable at the end of every three months.

"OLYMPIA LIGHT AND POWER COMPANY,

Per GEORGE D. SHANNON, President.

"A. H. CHAMBERS, Secretary."

Upon the same day the defendants indorsed and delivered to the plaintiff said promissory note, which indorsement was in the following words, viz:

"Pay to the order of T. N. Allen, trustee. Presentment, protest and notice waived.

A. H. CHAMBERS,
GEORGE D. SHANNON,
E. T. YOUNG,
R. FROST,
A. FARQUHAR."

The complaint alleges that the plaintiff is the holder and owner of said note, that the same is past due, and that no part thereof has been paid except the interest thereon until June 1, 1894. To this complaint, Cham-

bers, Young, Shannon and Frost answer denying that there was any consideration from the Olympia Light and Power Company to the defendants or Alexander Farquhar for the note set out in the complaint, and denying that the plaintiff loaned the sum of $8,000.00 or any other sum to the defendants on the 1st day of June, 1893, or at any other time, and they allege that on the 1st day of June, 1893, the Olympia Light and Power Company borrowed from the plaintiff the sum of $8,000.00, and that to secure payment of said sum on the part of the Olympia Light and Power Company, plaintiff caused to be prepared the promissory note set out in his complaint, and that the same was executed by the Olympia Light and Power Company at his request, and under his direc-tions in the manner and form set out in the first paragraph of the complaint; that the defendants did not borrow the money from the plaintiff nor any part thereof, but that the money was loaned to the Olympia Light and Power Company; and that the defendants indorsed said note as sureties only; that they received no part of said money; that the same was all paid to the Olympia Light and Power Company; that at the request of the plaintiff they indorsed said note as sureties for the Olympia Light and Power Company. Wherefore, they pray that the question as to whether they were sureties for the Olympia Light and Power Company may be tried and determined upon a hearing thereof. Defendant Young interposed an answer containing substantially the same averments.

The plaintiff moved the court to strike these answers from the files on the ground that they were sham, frivolous and immaterial, which motion was overruled by the court. Plaintiff then demurred to the answers on the ground that they did not state

facts sufficient to constitute a cause of defense, which demurrers were also overruled by the court. Plaintiff then replied, denying the affirmative matter of the answers, set up the insolvency of the Olympia Light and Power Company, and the fact that it was in the hands of a receiver. Judgment was rendered in favor of the plaintiff in the sum of $8,222.22 and the sum of $41.45 costs, and the judgment further commanded that no execution should issue thereon until the question of suretyship had been determined. By order of the court, the issue in relation to suretyship, was tried by jury on April 30, 1895. On that question the verdict of the jury was: "We, the jury in the above entitled cause, find for the defendant," and as special findings, they found that the plaintiff did not request the defendants to sign the indorsement as sureties, but that defendants did sign said indorsement as sureties. Judgment was rendered that the defendants signed the note as sureties for the Olympia Light and Power Company, and not as principal makers or indorsers, and that they were sureties only, and it was ordered that no execution should issue against the defendants or either of them until execution be first levied upon the property of the Olympia Light and Power Company and its property first exhausted before execution should issue against defendants or their property. It was further ordered that defendants should recover of and from the plaintiff their costs, taxed at $21.00. To this judgment the plaintiff excepted, and has brought his case here on appeal.

The respondents based their right to have the question of suretyship determined in this case upon the provisions of the statute. Section 756 of the Code of Procedure provides that:

"Any person bound as surety upon any contract in writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract."

Section 757 provides:

" If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

Section 758 provides that:

" When any action is brought against two or more defendants upon a contract, any one or more of the defendants being surety for the others, the surety may, upon a written complaint to the court, cause the question of securityship to be tried and determined upon the issues made by the parties at the trial of the cause, or at any time before or after the trial, or at a subsequent term, but such proceedings shall not affect the proceedings of the plaintiff."

Section 759 provides that:

" If the finding upon such issue be in favor of the surety, the court shall make an order directing the sheriff to levy the execution upon and first exhaust the property of the principal."

It is difficult to see how this statute applies to this case, for it nowhere appears that this notice was given to the plaintiff. Even admitting that these defendants are sureties on the note, § 758 cannot be made to apply, because this does not purport to be an action against two or more defendants upon a contract, any one or more of the defendants being surety for the others, so that the right of these parties to show their suretyship depends upon the law irrespective of statute. First, it was unquestionably the right of the plaintiff

to bring this action against the principal and the in-
dorsers, or against the indorsers without the principal,
and the indorsers cannot require the holder to proceed
against the maker.    *Wade v. Creighton,* 25 Or. 455 (36
Pac. 289), *Davis v. Patrick,* 57 Fed. 909; 2 Randolph,
Commercial Paper, § 761, and cases cited.

The plaintiff, then, having a right to bring this ac-
tion against the indorsers as he did, and the obligation
on its face showing conclusively that the defendants
were indorsers and not sureties, the only remaining
question is, (even conceding for the sake of the argu-
ment that the defendants would be in any better posi-
tion, if it were determined that they were sureties).
Were they entitled by parol testimony to show that
they were sureties and not indorsers?   This question
was squarely decided by this court in the case of
*Bryan v. Duff,* 12 Wash. 233 (40 Pac. 936), where it
was held that parol testimony was not admissible to
vary the terms of the contract or for the purpose of
showing any agreement on the part of the payee or
indorsee tending to affect the contract, and that there
was no distinction between a written contract where
the terms of the contract were set out in the instru-
ment and an implied contract created by the law
which governs the responsibilities of guarantors and
indorsers, and the court in that opinion said:

" In our opinion the liability of a drawer of a bill
of exchange or the indorser of a note has become so
well established under the rules of the law merchant
and are so well understood, that the person who as-
sumes such liability must be held to have understood
the effect thereof, and by his signature to have bound
himself in the same manner as he would have done
had the conditions been at the time of such signature
fully written out and signed by him." ·

The court in that case discussed the authorities,

hence it is not necessary to re-discuss them here. And it quoted the language of the supreme court of Indiana in the case of *Campbell v. Robbins*, 29 Ind. 271, where it was held that "The legal effect of an assignment in blank of a promissory note cannot be varied by evidence of a parol contemporaneous agreement that the note should be taken without recourse on the assignor," and the following from 2 Parsons on Notes and Bills, p. 501:

"If the defendant endeavors to prove an oral bargain between himself and the plaintiff, which differs in its terms from the written note, it will then be remembered that it is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add to, or subtract from, the absolute terms of the written contract."

The appellant in this case admits the general rule in relation to the varying of a written instrument by parol testimony, but insists that it comes within the exception. We see nothing, however, which brings this case within the recognized exceptions to the rule. There are no allegations of fraud, in fact, outside of the allegations of the answer, the jury found specially that the plaintiff did not request the defendants to sign as sureties, and the language of the indorsement is so absolute and sweeping that it is not susceptible of construction.

The allegation of the defense that there was no consideration moving from the Olympia Light and Power Company to the defendants is one which does not interest the plaintiff. Whatever influence it might have between the indorser and the maker of the note, it is a matter of no concern to the plaintiff. These answers are plainly demurrable, and as, according to the find-

ings of the jury, no fraud had been committed in obtaining these indorsements, and that being all the defense that could be made to the payment of this note, the case will be reversed so far as the action of the court is concerned in finding that the defendants were sureties, and in imposing restrictions upon the judgment that execution should not issue until the property of the Olympia Light and Power Company had been exhausted. The case will be remanded to the lower court with instructions to grant the motion made by the appellant to vacate and set aside the verdict of the jury, and the judgment of the court that the defendants were not indorsers and that they were sureties only, and the further judgment that until the execution shall be levied upon the property of the Olympia Light and Power Company, and its property first exhausted, no execution shall issue against the property of the respondents; and the record will be so corrected that the plaintiff shall have an unrestricted judgment against the defendants as prayed for in his complaint.

HOYT, C. J., and ANDERS, J., concur.

GORDON, J., not sitting.