[No. 2391. Decided March 1, 1897.]

DENNIS KEELER, *Appellant*, v. THE COMMERCIAL PRINTING COMPANY *et al.*, *Respondents.*

PAROL EVIDENCE — INDORSEMENT OF NOTE AS SECURITY.

Parol evidence is admissible for the purpose of showing that the transfer of a promissory note by indorsement had been given for security only, and that the plaintiff had notice of the fact.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Affirmed.

*William Martin,* for appellant.

*Blaine & DeVries,* and *Charles Lovejoy,* for respondents.

The opinion of the court was delivered by

Scott, C. J.—This was an action upon promissory notes and to foreclose a chattel mortgage given to secure them. The plaintiff has appealed from a judgment against him.

The first error complained of was the refusal of the court to grant a continuance of the trial, applied for by the plaintiff, but we find nothing in the case to indicate that the court abused its discretion in refusing it.

One of the defenses was that the notes had been transferred to the parties from whom the plaintiff obtained them as security only. The transfer was by indorsement in blank and parol proof was admitted to show it was for security, and that the plaintiff had notice thereof; and the court found that the transfer from said parties to the plaintiff was without consideration and was with full knowledge and notice of the rights of defendant Hill, who transferred the notes to said prior holders as security. The appellant contends that parol proof was not admissible to alter the contract implied by law by virtue of the indorsement, and the cases of *Bryan v. Duff*, 12 Wash. 233 (40 Pac. 936, 50 Am. St. Rep. 889), and *Allen v. Chambers*, 13 Wash. 327 (43 Pac. 57), are cited as in support of that proposition, but neither of them applies. In the first case there was an attempt to show that there was an oral understanding to the effect that there was not to be any liability at all on the contract. In the last case there was an attempt to show that the contract was one of suretyship and not the general one implied by law in the case of an indorsement in blank; also the finding of the court, that there was no consideration for the transfer to the plaintiff, would except it from those cases, if they were in point otherwise.

The appellant attacks the findings of fact aforesaid, but after an examination of the testimony we are satisfied that they should be sustained.

It is also a well settled rule that a transfer absolute upon its face may be shown to have been given for security only. Jones, Pledges, §§ 82, 141 and 155. *Hazzard v. Duke*, 64 Ind. 220; *Wood v. Matthews*, 73 Mo. 477. And nothing that was said in either of the cases mentioned contravenes that doctrine.

Affirmed.

ANDERS, REAVIS, DUNBAR and GORDON, JJ., concur.