FARMERS SAVINGS BANK, Appellant, v. HENRY HANSMANN.

Indorsement in Blank:   PAROL EVIDENCE AS TO CONSIDERATION.  Parol evidence is admissible to show that an indorsement in blank was without consideration.

RULE APPLIED.   Where defendant was sued as indorser of a note, and it appeared that the note was made payable to him by mistake, and without his knowledge or consent, and that he indorsed it in blank at the request of the true owner, for the purpose of showing title in him, such indorsement was without consideration, and defendant was not liable thereon.

*Appeal from Lyon District Court.*—HON. WILLIAM HUTCHINSON, Judge.

WEDNESDAY, MAY 15, 1901.

THIS action was brought against the defendant as the indorser of a promissory note in terms payable to him, which

contained the following clause: "The makers, indorsers, and guarantors of this note agree to pay a collection fee of ten per cent. of the amount due, if not paid at maturity, or if suit is brought hereon, but in no case shall said fee be less than ten dollars, and consent that a justice of the peace may have jurisdiction to the amount of three hundred dollars, and hereby severally waive presentment for payment, notice of nonpayment, protest, and notice of protest, and diligence in bringing suit against any party hereto, and that time of payment may be extended without notice thereof. [Signed] John Baumann." The defendant indorsed the note by writing his name on the back thereof. He claims in his answer that the maker of the note, John Baumann, went to plaintiff's bank and borrowed the money for which this note was given, and that some two weeks thereafter plaintiff's cashier called him into the bank, told him that the note in suit had been made payable to him by mistake, and requested him to indorse it for the purpose of showing title in the true owner; that he indorsed it for this purpose only; and that the same was wholly without consideration. The plaintiff, on the other hand, claims that the money was in fact loaned to the defendant; that Baumann was indebted to him for rent; and that he requested the plaintiff to assist him in the collection of his debt by taking Baumann's note to him, with his indorsement thereon, for the money which the defendant wanted to borrow. The defendant and Baumann went into the bank together. The note was drawn by the cashier and signed by Baumann, and the money was handed over to the defendant by either the cashier or Baumann. The defendant did not indorse the note until some time after this transaction, and testified that he did not know that it was drawn payable to him. The case was tried to a jury. A verdict was returned for the defendant, upon which judgment was entered. The plaintiff appeals.—*Affirmed.*

*Louis Vogt* for appellant.

*E. C. Roach* for appellee.

SHERWIN, J.—The controlling question before us is whether the defendant may show want of consideration for his indorsement of the note in suit.   That the maker of a note may· impeach the consideration is well settled. It is a general· rule that an indorsement is a contract, and that, like every other contract, it requires consideration; and it is held that "between immediate parties the want of consideration invalidates it." 3 Randolph, Commercial Paper (2d Ed.), section 691.   If the defendant's contention is true, his indorsement was without consideration, and made for the express purpose of transferring a note, which had been drawn payable to his order without his knowledge or consent, to its owner.   We have held that parol evidence is competent to show the. real nature of the transaction, where an indorsement in blank has been made. *Harrison v. McKim,* 18 Iowa, 485; *James v. Smith,* 30 Iowa, 55.   It must be borne in mind that the claim of the defendant distinguishes this case from *Bank v. Sigstad,* 96 Iowa, 491, and *Bank v. Wilka,* 102 Iowa, 315, for in both of these cases the indorsers had received value for the paper they indorsed, and hence had received value for their indorsements, and undertook to release themselves by oral proof of a different agreement limiting their liability.   The question of want of consideration was not involved in either case.   It is held that an indorser in blank may prove by parol evidence that his indorsement was without consideration.   2 Randolph, Commercial Paper (2d Ed.), section 782; *Kirkham v. Boston,* 67 Ill. 599; *Keeler v. Printing Co.,* 16 Wash. 526 (48 Pac. Rep. 239); *Allin v. Williams,* 97 Cal. 403 (32 Pac. Rep. 441); *Smith v. Carter,* 25 Wis. 283; *Avery v. Miller,* 86 Ala. 499 (6 South. Rep. 38); *Wood v. Matthews,* 73 Mo. 477; *Hazzard v Duke,* 64 Ind. 220.   The defend-

ant herein cannot be in any worse situation than an indorser in blank, and we think he was clearly entitled to show want of consideration for his indorsement. The question as to whether there was in fact consideration therefor was for the jury. There was a sharp conflict in the evidence as to the nature of the transaction, and we cannot interfere with the verdict. Under the issues presented, it was necessary to prove the agreement between the defendant and plaintiff's cashier. The judgment is AFFIRMED.