JAMIE A. BENNETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
J. M. BENNETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 94439, 94440. Promulgated October 18, 1939.

*Muckleroy McDonnold, Esq.*, for the petitioners.
*E. L. Corbin, Esq.*, for the respondent.

OPINION.

ARNOLD: Petitioners assign as errors (a) the disallowance to each by the Commissioner of a deduction of $238.29 representing one-half of the payment made to the Standard Trust Co., trustee, for

interest accrued on the Lane Taylor note, (b) the disallowance to each of a bad debt deduction of $16,748.67 representing one-half of the worthless notes of Casey and Taylor, (c) failure to allow an additional deduction of $9,867.33 each for loss on the Casey and Taylor notes, or, in the alternative, (d) failure to allow to each an additional deduction of $6,149.38 representing loss from the sale of capital assets. Petitioners in their reply brief expressly abandon (d).

An analysis of (a), (b), and (c), *supra*, shows that each turns upon the legal effect of J. M. Bennett's endorsement and delivery of the Casey and Taylor notes to the trustee. The deficiency letter shows that respondent denied the deductions for interest and bad debts upon the theory that the notes had been transferred without consideration and that no liability resulted from the endorsement. Petitioners contend that liability resulted and that, the liability having been satisfied during the taxable year, the right to the deductions arose.

It has been held that the endorsement of a promissory note "is substantially the drawing of a new note in the terms of the old", *DeHass* v. *Dibert*, 70 Fed. 227, 230, and Chief Justice Marshall said in *Slacum* v. *Pomery*, 6 Cranch, 221, 224, "the endorsement of a bill is understood to be not simply a transfer of the paper but a new substantive contract." Like any other contract an endorsement requires consideration, and where there is a lack of consideration no personal liability is incurred by the endorser to one not a holder in due course, *Farmers' Savings Bank* v. *Hansmann*, 114 Iowa, 49; 86 N. W. 31; *Monroe* v. *State Bank* (Wis.), 193 N. W. 991, and authorities cited; *Texas Baptist University* v. *Patton*, 145 S. W. 1063; *Cline* v. *Receiver of Commercial National Bank*, 90 Fed. (2d) 968.

Under petitioners' theory the trustee must be a holder in due course to render J. M. Bennett liable upon his endorsement. A holder in due course under the Texas Negotiable Instruments Act, Title 98, Vernon's Annotated Texas Statutes, is one who has taken the note in good faith and for value, art. 5935. J. M. Bennett testified in this proceeding, and the trust instrument recites, that his purpose in creating the trust and in transferring the property to it was to provide a competence for each of his children, without reference to the success or failure of his business ventures. He further testified that nothing whatever was paid for the transfer of these notes to the trust. His children were the natural objects of his bounty and, in the absence of any consideration for the transfer, the transfer was a gift in trust, and no liability resulted from Bennett's endorsement of the Casey and Taylor notes.

Bennett's transfer of certain securities to the trust in 1935 in exchange for the worthless notes maintained the trust corpus at the level originally deemed necessary to provide a competence for his

children. That this was his motive is further demonstrated by the exchange in 1934 of certain properties for the other four Casey notes in the total principal amount of $15,602.26. His original intention was to make a gift to his children and he incurred no liability by his endorsement of notes constituting a part of the corpus of the gift. Cf. *Simon Benson*, 9 B. T. A. 279; *Sand Springs Railway Co.*, 21 B. T. A. 1291, 1310.

If he was not liable by reason of his endorsement, then the amount paid as interest on the Taylor note would not be deductible. *Wm. H. Simon*, 36 B. T. A. 184; *William Ainslie Colston*, 21 B. T. A. 396; affd., 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640. Neither would petitioners be entitled to a deduction by reason of J. M. Bennett's having taken up the Casey and Taylor notes if he was not legally bound to pay them, as the voluntary assumption of obligations does not justify a loss deduction. *Robinson* v. *Commissioner*, 53 Fed. (2d) 810.

Petitioners contend that the duties and the obligations imposed upon the trustee by the trust instrument supplied the necessary element of consideration to constitute the trust a holder for value and make J. M. Bennett liable on his endorsement. With this contention we do not agree. Section 5 of the trust instrument provided that the trustee was to receive as "full compensation for services" in connection with the management and control of the trust corpus, "two per cent of the income paid by it", and as a further benefit it was permitted to charge the borrower a reasonable commission for its services on loans made. The parties having agreed that the amount so stipulated was to be full compensation for the services imposed on the trustee by the trust instrument, we do not think such duties and obligations constituted a consideration for the transfer.

We do not think there was any consideration, either by way of benefit to the promisor or detriment to the promisee, as contended by the petitioners, which made J. M. Bennett liable for the payment of the notes by reason of his endorsement.

The United States District Court for the Western District of Texas handed down a decision on May 26, 1939, in the case of *Bennett* v. *United States*, —— Fed. Supp. ——, involving a suit for the refund of taxes paid by these petitioners in the prior year. One of the Casey notes which J. M. Bennett had endorsed was taken up from the trust by the transfer of other assets on the assumption that by his endorsement he was legally liable to pay the amount due on the note. The court held that the assumption of the duties and liabilities imposed on the trustee was a detriment to the trustee and, therefore, a valuable consideration for the endorsement of the note. The loss was allowed as a bad debt deduction. We are unable to concur in this conclusion and do not feel bound by that decision.

750

In our opinion the trustee was to be fully compensated for such duties and liabilities as were imposed upon it by the trust instrument and the trustee recognized that it would receive "full compensation" for its services when it noted the acceptance of the trust. Such services so to be performed and paid for could not be construed as a detriment to the trustee constituting a consideration for the transfer of the notes to the trust.

The Commissioner's determination will be approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*