Aron Mintz v. Commissioner.
Mintz v. Commissioner
Docket No. 932.
United States Tax Court
1944 Tax Ct. Memo LEXIS 257; 3 T.C.M. (CCH) 428; T.C.M. (RIA) 44147; May 10, 1944
*257 Daniel J. Levowitz, Esq., 15 Park Row, New York, N. Y., for the petitioner. B. W. Berg, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: In this case the Commissioner determined a deficiency of $131.78 for the calendar year 1940, due to disallowance of deductions and addition of income in the total amount of $1,198. The petition places in issue only the disallowance of $600, deducted as interest paid, and $333 deducted as commissions paid. The petitioner's brief fails to comply with Rule 35 in that it contains no statement of facts. On the contrary, the brief refers to and relies upon facts not shown in the record, i.e., a purported internal revenue agent's report, not placed in evidence, attached to the petition, or referred to in the petition. The respondent's brief sets forth a statement of facts, and, in the absence of a statement by the petitioner in accordance with our rules, and in view of the fact that the respondent's request for findings of fact is found to be based upon the evidence, the statement of facts requested by the respondent is in general adopted as our findings of fact (except for legal conclusions therein stated) as follows: [The Facts] *258 1. In 1940 petitioner was a resident of Bronx, New York, New York, and filed his income tax return for that calendar year with the Collector of Internal Revenue for the Second District of New York. 2. Petitioner is engaged in the men's clothing business in New York, New York, and devotes all of his time to that business. 3. During the year 1940 petitioner was the owner of one rental property located at 1188 President Street, Brooklyn, New York, which was occupied by eight tenants. 4. The original mortgage on this property was paid by petitioner in a lump sum. 5. In 1939 petitioner made an assignment of a $10,000 mortgage on said property to his son, Yale Mintz. 6. In his return for 1940 petitioner included a deduction of $600 as interest paid to his son Yale Mintz, as mortgagee. 7. The assignment of the $10,000 mortgage to Yale Mintz was without valuable consideration and intended as a gift. * * * * *
9. During the year 1940 petitioner's other son, Arthur Mintz, was attending school and in his spare time collected rentals for his father from the tenants at 1188 President Street, Brooklyn, New York. 10. For collecting said rentals during 1940, petitioner paid his son, *259 Arthur Mintz, the amount of $333, which is deducted in his income tax return as an expense. 11. Arthur Mintz became 20 years of age in July, 1940. 12. Throughout the year 1940 Arthur Mintz was living with petitioner, who was maintaining and furnishing him a home, sending him to school, counseling and advising him, and assuming parental care and jurisdiction over him. 13. Arthur Mintz was a minor throughout 1940. * * * We first consider whether the petitioner should be allowed the deduction of $600 as interest paid to his son, Yale Mintz. Examination of the evidence is convincing that the petitioner has not met the presumption of correctness of the respondent's determination that the $600 is not a proper deduction under section 23 (b) of the Internal Revenue Code. Respondent takes the view that the mortgage upon which the $600 was purportedly paid as interest was a gift from the petitioner to his son, Yale Mintz, to whom he paid the $600, and that therefore the $600 is a gift and not a deductible expense. In the state of the record, we may not conclude otherwise. The original of the mortgage, as to which the interest payment is claimed, had been paid by the petitioner and assigned *260 to his son, Yale Mintz, the payee of the $600. Though the petitioner testified that the son "saved up some part of the money, part of it when he worked and went to school and the rest I gave him a present," of around 50 per cent, he later says that the son did not pay any of the mortgage, but that "he saved up some money with me." Such evidence is obviously insufficient to demonstrate a consideration for the mortgage assigned to the son, or to sustain the burden of proof, particularly where a deduction is being claimed. Jamie A. Bennett, 40 B.T.A. 745; Estate Planning Corporation, 37 B.T.A. 418. We consider the $600 as gift and not shown to be allowable deduction. The petitioner during the taxable year paid $333 to a minor son for collecting rents on a building by petitioner. The son became 20 years old during the taxable year. He did the work after school and in his spare time, and received 5 per cent of the amounts. The father at the time of trial was paying some one else for doing essentially the same collecting. The son was, during the taxable year, living with his father, the petitioner, who was maintaining for *261 him a home and sending him to school, counselling and advising him in all matters, and assuming parental care and jurisdiction over the boy. There is no proof that during the taxable year the boy was emancipated. Under such facts the payments to the minor son are not deductible. Neils Schultz, 44 B.T.A. 146. Decision will be entered for the respondent.